J-S29040-18

2018 PA Super 180

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| JERARD STEVENS DAVIS | : | |
| Appellant | : | No. 3180 EDA 2017 |

Appeal from the Judgment of Sentence August 21, 2017
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0001247-2014,
CP-39-CR-0001254-2014, CP-39-CR-0004149-2014

BEFORE:   PANELLA, J., MURRAY, J., and STEVENS, P.J.E.*

OPINION BY STEVENS, P.J.E.:                    **FILED JUNE 22, 2018**

Appellant Jerard Stevens Davis appeals from the judgment of sentence entered by the Court of Common Pleas of Lehigh County after Appellant pled guilty to Possession of a Controlled Substance with Intent to Deliver (PWID) and Resisting Arrest. Appellant contends the lower court abused its discretion in denying his motion to withdraw his guilty pleas. Finding Appellant endeavors to manipulate the criminal justice system in attempting to withdraw his guilty pleas, we affirm.

On February 9, 2015, Appellant pled guilty to two counts of PWID and one count of Resisting Arrest on three separate dockets. In exchange for these pleas, the Commonwealth agreed that Appellant's minimum sentence in the PWID cases would not exceed thirty-eight (38) months, all sentences would run concurrently, and the Commonwealth would not pursue any of the remaining charges. On the day of Appellant's pleas, the Commonwealth was

_____

* Former Justice specially assigned to the Superior Court.

ready to proceed to trial as jurors were present and were waiting for the jury selection process.

Appellant was scheduled to be sentenced on March 6, 2015, but after he failed to appear in court, a bench warrant was issued for his arrest. It was later discovered that Appellant had been arrested in North Carolina for drug charges on March 5, 2015 and was incarcerated at the time of the sentencing hearing in this case. Pennsylvania authorities placed a detainer on Appellant in North Carolina. When Appellant posted bail in the North Carolina case, he was transported to the Lehigh County Jail on February 18, 2017.

Appellant was promptly brought before the trial court on February 21, 2017; however, the matter was continued multiple times due to (1) the retirement of the Honorable William E. Ford, the judge who accepted Appellant's plea and (2) the trial court's decision to grant Appellant's counsel, Robert Goldman, Esq. permission to withdraw. On June 9, 2017, the Lehigh County Public Defender's Office filed a Motion to Withdraw Guilty Pleas in which Appellant asserted his innocence, alleged that his plea agreement was predicated on an erroneous prior record score, and contended his pleas were unlawfully induced by the withdrawal of his prior counsel.

On July 20, 2017, the Honorable Maria L. Dantos held an evidentiary hearing on Appellant's Motion to Withdraw Guilty Pleas. Appellant testified on his own behalf and the Commonwealth presented the testimony of Detective Jason Krasley, a member of the Vice and Intelligence Unity of the Allentown

Police Department. After reviewing the record and the testimony elicited at the evidentiary hearing, this trial court made the following findings of fact:

On February 9, 2015, with a jury ready to be selected, [Appellant] indicated that he wished to accept a guilty plea in the within matters.[FN1] The plea entailed, *inter alia*, capping the minimum sentence at thirty-eight (38) months. Attorney Goldman and the prosecutor believed [Appellant] to have a prior record score of 5…; [FN2] [Appellant], however, thought that his prior record score was only a 4. Nevertheless, [Appellant] made the decision to enter in to a plea deal on all of his three (3) cases. Trial counsel was ready to proceed to trial in Case No. 1247/2014 on February 9, 2015. [FN3] However, [Appellant's] decision to enter into a guilty plea obviated the need for a trial. [FN4]

[FN1: Prior to jury selection, Appellant asked if he could speak with the prosecutor and Detective Krasley to negotiate a guilty plea in the within matters. It was he who approached the Commonwealth to attempt to dispose of these cases via a non-trial disposition. Detective Krasley recalls Appellant indicating that he wanted to get this "over with," and that Appellant apologized to him.]

[FN2: Appellant is thirty-nine years old, and has an extensive criminal history which includes, *inter alia*, eleven (11) adult arrests with six (6) adult convictions. Appellant's prior convictions include numerous PWID offenses.]

[FN3: Attorney Goldman, via correspondence dated January 27, 2015, indicated to Appellant that he would proceed to trial on the first case, but intended to withdraw his appearance from the other two cases… should they not be resolved by way of a guilty plea.]

[FN4: Appellant had waived his Preliminary Hearing in Case No. 1247/2014.]

On that date, Judge Ford conducted an extensive guilty plea colloquy[, during which Appellant] acknowledged the terms of his plea agreement; indicated that he read and understood the

written plea colloquy; stated that he understood that he did not have to give up his rights but could proceed to trial; affirmed that it was his desire to enter the guilty plea; denied having any drugs, alcohol or other medication that would affect his ability to know what he was doing; posed no questions to the judge or made any indication of his desire not to go through with the guilty plea [FN5]; articulated that no one was forcing or threatening him to plead guilty; testified that no promises were made to him other than the plea agreement; expressed satisfaction with his attorney; and acknowledged the facts as recited by the prosecutor.

[FN5: During the guilty plea colloquy, Judge Ford repeatedly gave Appellant an opportunity to stop with the hearing and to proceed to trial. In addition, after Appellant entered his guilty pleas and prior to releasing the jurors from service, Judge Ford stated the following to Appellant:

THE COURT: Between now and the date of sentencing – how do I say this? If, in case number 1247, which is the one that was called for trial today, if you decide that you want to withdraw the plea in that case, that's one of the possession with intent to deliver cases. … If you indicate that I didn't do this, I'm not guilty, the Commonwealth should prove the case, that's not going to be a sufficient reason… to withdraw the plea. We're ready for trial today. We have jurors here, and in a moment I'm going to release all of these jurors. The point is, everybody's ready to go. So that will not be a sufficient reason to withdraw the pleas. I want to make that clear. Do you understand that, sir?

APPELLANT: Yes.

N.T. 2/9/15, pp. 17-18.

In his Petition to Withdraw Guilty Plea[s], [Appellant] claims that he is not guilty of the charges filed against him and to which he ple[d] guilty. He further alleges that the plea agreement was predicated on an erroneous prior record score, and that

- 4 -

[Appellant's] guilty plea was unlawfully induced by prior counsel. [The trial court found] these claims to be without merit.

At the time of the hearing on [Appellant's] Motion to Withdraw Guilty Plea, [Appellant] claimed his innocence. Indeed, [Appellant] indicated that while he possessed the cocaine, he did not possess it with an intent to deliver it in Case No. 1247/2014. Specifically, [Appellant] indicated that he was merely a passenger in a vehicle driven by Felicita Adorno. Ms. Adorno previously had made arrangements with a Confidential Informant (unbeknownst to her) for the purchase of a specified amount of crack cocaine.

***

As a result of this controlled drug purchase, [Appellant] and Ms. Adorno were arrested by Detective Krasley of the Allentown Police Department. A search of [Appellant's] person at the Allentown Police Department yielded crack cocaine in [Appellant's] buttocks. Appellant makes a similar statement with regard to Case No. 1254/2014. In that case, [Appellant] was arrested after he was stopped for a traffic violation. Again, a search of [Appellant's] person at the Allentown Police Department yielded cocaine in [Appellant's] buttocks. [Appellant] admitted possession of the controlled substance, but denied having an intent to deliver it. Finally, in Case No. 4149/2014, [Appellant] claims that he did not resist arrest, but rather that he was abused and assaulted by the police officers. [Appellant] stated that Attorney Goldman had acquired the audio and video of the incident which supports his innocence. [FN6] [Appellant] also testified that between the date of his guilty plea and the scheduled date of his sentencing, he told Attorney Goldman that he wanted to withdraw his guilty plea. In fact, [Appellant] indicated that he thought that a Motion to Withdraw Guilty Pleas had been filed [by] Attorney Goldman. Interestingly, [Appellant] failed to mention that to [the trial court] when he first came before this Court on February 21, 2017 and March 15, 2017.

> [FN6: Appellant knew about the existence and the content of this audio and video recording at the time that he entered his guilty plea before Judge Ford.]

Contrary to [Appellant's] assertions, Detective Krasley testified that in Case No. 1247/2014, pre-recorded buy money was located on [Appellant]. In fact, [Appellant] had half (1/2) of the money on his person, [FN7] and Ms. Adorno, the driver of the vehicle, had the other half (1/2) of the pre-recorded money on

her at the time of their arrests. Furthermore, the cocaine located in [Appellant's] buttocks was packaged in separate multiple baggies, consistent with selling or delivering.[FN8]  No drug use paraphernalia was located on [Appellant's] person.  In addition, surveillance observed Ms. Adorno approach the Confidential Informant, then return to [Appellant] and hand him money, who in turn provided her with something that she then gave to the Confidential Informant.  Detective Krasley also noted that Ms. Adorno is the mother of [Appellant's] child.  Ms. Adorno, the Co-Defendant in Case No. 1247/2014, entered a guilty plea and was sentenced during [Appellant's] two (2) year absence.  As a result of pleading guilty and already being sentenced, Ms. Adorno has no motivation now to cooperate with the Commonwealth in the prosecution of [Appellant's] case.

> [FN7: Appellant had approximately $1,650.00 on his person, yet he was unemployed at the time of his arrest.  Ms. Adorno similarly had approximately $1,650.00 on her person when taken into custody.]

> [FN8:  The crack cocaine in Case No. 1247/2014 and Case No. 1254/2014 has since been destroyed, and is no longer in the possession of the Allentown Police Department.  Indeed, the log records establish that the crack cocaine was destroyed in both cases on April 5, 2017.]

Trial Court Opinion ("T.C.O."), 8/14/17, at 1-8 (internal citations omitted).

Based on these findings, the trial court denied Appellant's Motion to Withdraw Guilty Pleas on August 14, 2017.  Thereafter, on August 21, 2017, the lower court sentenced Appellant to an aggregate term of three (3) to eight (8) years' imprisonment.  Appellant filed a post-sentence motion, which was subsequently denied.  Appellant filed a timely appeal and complied with the trial court's direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant's sole claim on appeal is whether the trial court abused its discretion in denying his pre-sentence motion to withdraw his guilty pleas. Specifically, Appellant argues that he established fair and just reasons for withdrawing his plea by (1) alleging that he was coerced into accepting a plea by his plea counsel's indication that he would withdraw from representation if Appellant did not enter a plea agreement and (2) presenting a colorable claim of innocence.[1]

With respect to the withdrawal of a guilty plea or a *nolo contendere* plea, our courts have held the following:

> [W]e recognize that at "any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty." Pa.R.Crim.P 591(A). The Supreme Court of Pennsylvania recently clarified the standard of review for considering a trial court's decision regarding a defendant's pre-sentence motion to withdraw a guilty plea:
>
> > Trial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth.
>
> *Commonwealth v. Carrasquillo*, 631 Pa. 692, 115 A.3d 1284, 1285, 1291–92 (2015) (holding there is no *per se* rule regarding pre-sentence request to withdraw a plea, and bare

---

[1] Although Appellant had originally claimed that his plea was predicated on an incorrect prior record score for the purpose of sentencing, Appellant concedes on appeal that the lower court correctly calculated his prior record score to be a five (5). *See* Appellant's Brief, at 20, n.1.

assertion of innocence is not a sufficient reason to require a court to grant such request). We will disturb a trial court's decision on a request to withdraw a guilty plea only if we conclude that the trial court abused its discretion. **Commonwealth v. Gordy**, 73 A.3d 620, 624 (Pa.Super. 2013).

**Commonwealth v. Blango**, 150 A.3d 45, 47 (Pa.Super. 2016).

First, Appellant claims that he should have been allowed to withdraw his pleas that he was allegedly coerced into entering by counsel's indication that he would withdraw his representation if Appellant did not plead guilty in all three cases. In reviewing Appellant's suggestion that his pleas were not knowing or voluntary, we are guided by the following standard:

In order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences. This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea. Thus, even though there is an omission or defect in the guilty plea colloquy, a plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.

**Commonwealth v. Eichinger**, 631 Pa. 138, 155–56, 108 A.3d 821, 832 (2014) (citations omitted).

Our review of the record belies Appellant's claim that he was coerced into pleading guilty by his plea counsel. The trial court found that while Atty. Goldman advised Appellant that he intended to seek to withdraw in Case No. 1254/2014 and 4149/2014 if Appellant did not plead guilty, Atty. Goldman was ready and willing to represent Appellant at trial in Case No. 1247/2014, had Appellant not approached the prosecution to ask for a plea agreement.

Further, the trial court's extensive guilty plea colloquy demonstrated that Appellant entered a voluntary, knowing, and intelligent plea. Appellant indicated that he understood the nature of charges against him, the factual bases for his pleas, and the rights he was relinquishing in entering the pleas. Appellant averred that no threats or promises were made to him to plead guilty and he expressed satisfaction with Atty. Goldman's representation. Appellant posed no questions to the trial judge or gave any indication that he did not want to enter the guilty pleas. Therefore, the trial court properly exercised its discretion in determining that this argument did not provide sufficient reason to allow Appellant to withdraw his guilty pleas.

Second, Appellant argues the trial court erred in denying his request to withdraw his pleas as Appellant has presented a colorable claim of innocence. As noted above, our Supreme Court has emphasized that a defendant's mere assertion of innocence is not, in and of itself, a sufficient reason to grant a pre-sentence motion to withdraw a guilty plea. *See Carrasquillo*, *supra*. Rather, the Supreme Court clarified that:

> a defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea. More broadly, the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice.

*Carrasquillo*, 631 Pa. at 705–706, 115 A.3d at 1292 (citation omitted).

In **Carrasquillo**, the Supreme Court concluded that the trial court acted within its discretion to refuse to allow the appellant to withdraw his guilty plea given (1) the appellant failed to offer a plausible innocence claim given his bizarre claim that he was compelled by the Antichrist to rape the child victim and (2) the prosecution presented strong evidence of Appellant's guilt at the plea hearing. In **Commonwealth v. Hvizda**, 632 Pa. 3, 116 A.3d 1103 (2015), the companion case to **Carrasquillo**, the Supreme Court upheld the trial court's decision to refuse to allow the defendant to withdraw his guilty plea, finding the defendant's assertion of innocence was implausible and rebutted by the prosecution's presentation of taped conversations in which the defendant admitted in prison that he had murdered his wife. In **Commonwealth v. Baez**, 169 A.3d 35, 40 (Pa.Super. 2017), this Court similarly found that the appellant's bald assertion of innocence was not plausible and did not constitute a fair and just reason to withdraw his plea when Appellant failed to raise any defenses to the charges besides an unsupported claim that he was coerced to plead guilty by the trial court's alleged threats to impose a sentence of sixty-five years' imprisonment if Appellant was convicted. Similarly, in **Blango**, this Court found the appellant's attempt to withdraw his plea based on his assertion of innocence was "an attempt to manipulate the system" when he had previously testified against his co-conspirators and admitted that he was the first to pull the trigger of his firearm in a fight between two groups of high school students. **Blango**, 150 A.3d at 48.

Likewise, in the instant case, the trial court found that Appellant's "assertion of innocence is not plausible, but is rather an 'attempt to manipulate the system.'" T.C.O. at 8, quoting **Blango**, **supra**. The trial court observed that Appellant entered his guilty plea on the day his trial was scheduled to begin and then waited to raise his desire to withdraw his plea long after the threat of trial had passed; Appellant chose not to assert his claim of innocence until two years after he had entered his guilty plea and had subsequently appeared before the trial court three times. Further, the trial court explained:

> The record and evidentiary proffer made by the Commonwealth in this case belies [Appellant's] assertion of innocence. In Case No. 1247/2014, Ms. Adorno was observed by members of the Allentown Police Department approach the Confidential Informant, return to [Appellant] and hand him money, who in turn provided her with something that she then gave to the Confidential Informant. Of note, Ms. Adorno is the mother of [Appellant's] child. Also, half (1/2) of the pre-recorded buy money was found on [Appellant] and the other half (1/2) was found on Ms. Adorno at the time of their arrests on August 12, 2013. [Appellant] was unemployed at the time, yet he had over $1,600.00 on his person. Also, in both Case No. 1247/2014 and Case No. 1254/2014, a search of [Appellant's] person at the Headquarters of the Allentown Police Department yielded crack cocaine in [Appellant's] buttocks. The drugs were packaged in separate multiple baggies, consistent with selling or delivering.
>
> ***
>
> Moreover, in Case No. 4149/2014, it is nonsensical to believe that [Appellant] entered into a guilty plea on February 9, 2015, if the video and audio recording that memorialized the events surrounding the charge of Resisting Arrest had shown that he was abused and assaulted by officers. These facts indicate that [Appellant's] assertion of innocence in these cases is bare, non-colorable, and implausible.

T.C.O. at 9-10.  We agree with the trial court's assertion that Appellant's claim of innocence was implausible as it was unsupported and rebutted by the evidence presented by the Commonwealth.

Moreover, we also agree with the trial court's finding that Appellant's guilty plea could not be withdrawn because the Commonwealth would suffer substantial prejudice from the withdrawal.  As noted above, Appellant did not assert his alleged innocence until over two years after he entered his guilty plea; in that time, his co-defendant, Felicita Adorno, had already entered a guilty plea and had been sentenced.   The trial court found that Adorno's lack of motivation to cooperate with the prosecution would severely prejudice the Commonwealth if it sought to try Appellant.   T.C.O. at 8 (citing **Commonwealth v. Ross**, 498 Pa. 512, 447 A.2d 943 (1982) (finding that the "request to withdraw the plea, which had been made after the dismissal of numerous key Commonwealth witnesses in reliance on the plea, was properly denied").  Further, the trial court also noted that after Appellant had entered his guilty pleas in this case, the Commonwealth had destroyed the cocaine seized from Appellant's person in both Case No. 1247/2014 and Case No. 1254/2014.  Therefore, we cannot conclude that the trial court abused its discretion in finding that the prosecution would be substantially prejudiced if Appellant were allowed to withdraw his guilty plea.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/22/18