J-S20034-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RANDY LEE ECK | : | |
| | : | |
| Appellant | : | No. 1514 WDA 2018 |

Appeal from the Judgment of Sentence Entered October 8, 2018
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000894-2018

BEFORE: GANTMAN, P.J.E., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.E.: **FILED MAY 03, 2019**

Appellant, Randy Lee Eck, appeals from the judgment of sentence entered in the Erie County Court of Common Pleas, following his open guilty plea to recklessly endangering another person, driving while operating privilege is suspended or revoked, and speeding in a school zone.[1] We affirm.

In its opinion, the trial court fully and correctly set forth the relevant facts and procedural history of this case. Therefore, we have no reason to restate them. Procedurally, we add Appellant filed a *pro se* PCRA petition on October 18, 2018. On October 22, 2018, Appellant's plea counsel filed a notice of appeal. On the same day, the court appointed PCRA counsel. On October 23, 2018, the court vacated its order appointing PCRA counsel and struck

_____

[1] 18 Pa.C.S.A. § 2705, 75 Pa.C.S.A. §§ 1543(a), 3365(b), respectively.

Appellant's *pro se* PCRA petition without prejudice. The court also ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b); Appellant timely complied on November 8, 2018.

Appellant raises the following issue for our review:

> DID THE TRIAL COURT ERR WHEN IT DENIED APPELLANT'S MOTION TO WITHDRAW GUILTY PLEA WITHOUT A HEARING?

(Appellant's Brief at 7).

A valid guilty plea must be knowingly, voluntarily and intelligently entered. *Commonwealth v. Pollard*, 832 A.2d 517 (Pa.Super. 2003). The Pennsylvania Rules of Criminal Procedure mandate that pleas be taken in open court, and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. *Commonwealth v. Hodges*, 789 A.2d 764 (Pa.Super. 2002). Specifically, the court must affirmatively demonstrate a defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the judge is not bound by the terms of the agreement unless he accepts the agreement. *Commonwealth v. Watson*, 835 A.2d 786 (Pa.Super. 2003). This Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. *Commonwealth v. Muhammad*, 794 A.2d 378

(Pa.Super. 2002). Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing and bears the burden of proving otherwise. **Pollard, supra**. A defendant who decides to plead guilty is bound by the statements he makes while under oath, "and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." **Id.** at 523. "Our law does not require that a defendant be totally pleased with the outcome of his decision to plead guilty, only that his decision be voluntary, knowing and intelligent." **Id.** at 524.

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable John Garhart, we conclude Appellant's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. (**See** Trial Court Opinion, filed December 4, 2018, at 2-3) (finding: rules of criminal procedure do not require hearing on motion to withdraw guilty plea; in his motion to withdraw his plea, Appellant failed to make averment of innocence or claim that withdrawal of plea would promote fairness and justice; parties did not raise question of Appellant's competency at guilty plea hearing or sentencing; Appellant signed "Statement of Understanding Rights," indicating he understood plea and its potential consequences; Appellant did not indicate he lacked understanding during guilty plea or sentencing colloquies). Accordingly, we affirm on the basis of the trial court opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/3/2019</u>

COMMONWEALTH OF      :     IN THE COURT OF COMMON PLEAS
PENNSYLVANIA         :     OF ERIE COUNTY, PENNSYLVANIA

           : 

      v.              :     CRIMINAL DIVISION

           : 

RANDY LEE ECK         :     No. 894 of 2018
       Appellant       :

Garhart, J., December 4, 2018

### 1925 (a) OPINION

On October 22, 2018, Appellant filed a Notice of Appeal from this Court's October 8, 2018 Sentencing Order. On November 8, 2018 Appellant filed a Statement of Matters Complained of on Appeal raising two issues: 1.) the lower court erred in refusing to allow the Appellant a court hearing on his Motion to Withdraw Guilty Plea; and 2. the lower Court erred in abusing its discretion in sentencing Mr. Eck to a[n] aggravated sentence. (Concise Statement, filed November 8, 2018).

## I.    BACKGROUND FACTS

On February 20, 2018, Appellant, who had an outstanding warrant, eluded Erie County Sheriff's, leading them on a high speed chase through a school zone, through a red light, passing cars in no passing zones, and involving speeds of between 70 to 90 miles per hour.(Affidavit of Probable Cause in support of Arrest Warrant, 2/26/18). Eventually, Appellant pulled over and surrendered. Appellant was charged with eight counts including, *inter alia*, Recklessly Endangering Another Person (REAP), Driving While Operating Privileges Suspended; Speeding in a School Zone; and Disorderly Conduct.

On May 15, 2018, Appellant's court appointed trial counsel requested a competency examination of Appellant. On May 31, 2018, the Pennsylvania Department of Human Services issued a competency report following a competency evaluation of Appellant performed by Curtis

1

V. Mayernick, M.D., a psychiatrist. Dr. Mayernick's report finds that Appellant has told multiple versions of the truth at different times and that this is "a reflection of his repeated acts of deceit; it is not pathognomonic of dementia." Dr. Mayernick concludes as follows:

> If he chooses, I believe he can recount his charges and demonstrate a complete understanding of them. Likewise, I also believe that he is able to work with his attorney and assist in his own defense, if he chooses to do so. In line with this, he is also capable of withstanding all of the rigors associated with a trial.
> In conclusion, I believe that Mr. Randy Eck is competent to move forward with the charges which have been brought against him.

(May 31, 2018, Competency Evaluation submitted by Curtis V. Mayernik, M.D., p. 12).

On August 20th, 2018, Appellant pled guilty to REAP, Driving While Operating Privileges Revoked, and Speeding in a School Zone. The remainder of the charges were withdrawn. On September 5, 2018, Appellant filed a counseled Motion to Withdraw Guilty Plea[1] which was denied without a hearing on September 13, 2018. On October 8, 2018, Appellant was sentenced to 4 to 12 months' confinement followed by one year of probation for (REAP) and 2 to 4 months' confinement for Driving While Operating Privileges Suspended, consecutive. No further penalty was assessed for Speeding in a School Zone. During the Sentencing Colloquy neither Appellant nor his counsel raised any issue concerning Appellant's understanding of the charges or his sentence. On October 22, 2018, Appellant filed a timely Notice of Appeal and on November 8, 2018 Appellant filed a Statement of Matters Complained of on Appeal.

## II.   ANALYSIS

### 1.  Hearing on Motion to Withdraw Guilty Plea

Appellant first challenges this Court's failure to afford him a hearing on his Motion to Withdraw Guilty Plea which was denied by this Court on September 13, 2018, without a hearing.

---

[1] The Motion to Withdraw Plea stated only that "Defendant…indicates that he did not understand why he was pleading guilty, he did not understand the basis of the plea, did not understand the implications of various sentences he may be subjected to with pleading guilty." (Motion to Withdraw Guilty Plea, Paragraph 3, 9/5/18).

2

We first note that Pa.R.Crim.P., Rule 591 does not require a hearing on a Motion to Withdraw a Guilty Plea. Moreover, Appellant's Motion to Withdraw Guilty Plea failed to make any averment of innocence, let alone a plausible assertion of innocence or a demonstration that doing so would promote fairness and justice. *Commonwealth v. Carrasquillo*, 115 A.3d 1284, 1292 (Pa. 2015)(there is no *per se* rule regarding pre-sentence request to withdraw a plea, and bare assertion of innocence is not a sufficient reason to require a court to grant such request). The Pennsylvania Supreme Court has clarified that "a defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea." *Id.* The proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice. *Commonwealth v. Davis*, 191 A.3d 883 (Pa. Super. 2018). This Court was justified in exercising its discretion to deny Appellant's Motion to Withdraw Guilty Plea without a hearing since there was no claim that Appellant was innocent and no claim that the withdrawal of the plea would promote fairness and justice.[2]

2. **Abuse of Discretion in Sentencing**

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and
> a sentence will not be disturbed on appeal absent a manifest abuse of discretion.
> In this context, an abuse of discretion is not shown merely by an error in

---

[2] We note that prior to the entry of Defendant's plea this Court obtained a competency evaluation concluding that Appellant was, in fact, competent. This Court relied on and accepted the competency evaluation submitted on May 31, 2018, which states that, "If he chooses, I believe [Appellant] can recount his charges and demonstrate a complete understanding of them. Likewise, I also believe that he is able to work with his attorney and assist in his own defense..." (May 31, 2018, Competency Evaluation submitted by Curtis V. Mayernik, M.D., p. 12).The competency report concludes, "Mr. Randy Eck is competent to move forward with the charges which have been brought against him." *Id.* Although this Court did not issue a formal finding of competency, it accepted and Dr. Mayernik's report and proceeded on the basis of Appellant's competency, without objection by Appellant, his counsel or the Commonwealth. Neither Appellant, nor Appellant's counsel, nor the Commonwealth raised the question of Appellant's competency during Appellant's plea or sentencing. Appellant signed a "Statement of Understanding Rights" indicating that he understood the plea and its potential consequences. Appellant did not indicate to the court in any fashion that he lacked understanding during either the plea or sentencing colloquies. N.T. Plea, 8/20/18, N.T. Sentencing, 10/8/18).

3

judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Rodda*, 723 A.2d 212, 214 (Pa.Super. 1999) *(en banc)* (internal quotations and citations omitted).

Where the sentencing court has the benefit of a pre-sentence report, the law presumes that the court was aware of the relevant information regarding the appellant's character and weighed those considerations along with the mitigating statutory factors delineated in the Sentencing Code. *Commonwealth v. Cruz-Centeno*, 668 A.2d 536, 545 (Pa.Super. 1995)(quotation and citations omitted). Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. *Id.*

Here, Judge Garhart considered the following: (1) pre-sentence investigative report; (2) Pennsylvania Sentencing Code and all its factors; (3) the Pennsylvania Sentencing Guidelines; (4) statements by Appellant and counsel; (5)Appellant's age, background and rehabilitative needs; (8) the nature, circumstances, and seriousness of the offense; and, (9) protection of the community. (N.T. Sentencing, 10/8/18, pp. 17-20). The sentence was tailored to Appellant's individual situation and the reasons for the sentence imposed were clearly set forth on the record. Any lesser sentence would have depreciated the nature of the offense. Appellant's sentence was within the statutory limits and not manifestly excessive, there was no sentencing error.

## III. CONCLUSION

Based on the above, this Court respectfully requests that Appellant's judgment of sentence be affirmed. The Clerk of Court is hereby directed to submit the record to the Pennsylvania Superior Court for its review.

BY THE COURT:



_____ J.
John Garhart, Judge

cc:    District Attorney's Office
       John Bonanti, Esq.
       Randy Lee Eck

5