**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEITH A. HERBERT | : | |
| | : | |
| Appellant | : | No. 591 MDA 2019 |

Appeal from the Judgment of Sentence Entered March 4, 2019
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0000411-2018

BEFORE:  DUBOW, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:                **FILED OCTOBER 23, 2019**

Appellant, Keith A. Herbert, appeals from the Judgment of Sentence entered March 4, 2019, following his guilty plea to Burglary, Criminal Mischief, Fleeing or Attempting to Elude Officer, Flight to Avoid Apprehension, Resisting Arrest, Recklessly Endangering Another Person ("REAP"), and Driving Under the Influence ("DUI").[1] With this appeal, Appellant's counsel has filed a Petition to Withdraw as Counsel and an **_Anders_**[2] brief. After careful review, we affirm the Judgment of Sentence and grant counsel's Petition to Withdraw.

We glean the following factual and procedural history from the certified record. In the early morning hours of February 26, 2018, Appellant broke into

---

[1] 18 Pa.C.S. § 3502(a)(4); 18 Pa.C.S. § 3304(a)(5); 75 Pa.C.S. § 3733(a); 18 Pa.C.S. § 5126(a); 18 Pa.C.S. § 5104; 18 Pa.C.S. § 2705; and 75 Pa.C.S. § 3802(d)(2), respectively.

[2] **_Anders v. California_**, 386 U.S. 738 (1967).

the Unity Cafe in Shenandoah and subsequently fled the scene in a vehicle. Officer Stamets and Bowman were nearby in a patrol car when they received a radio report of the burglary. After observing Appellant's vehicle traveling westbound on East Centre Street, Officer Stamets activated the patrol car's emergency lights and attempted to block Appellant's vehicle from fleeing the area. However, Appellant's car collided with the police vehicle and Appellant ran from his vehicle. After a brief foot chase, Officer Stamets apprehended Appellant.

The Commonwealth charged Appellant with four counts of Aggravated Assault, and one count each of Burglary, Criminal Mischief, Theft by Unlawful Taking, Fleeing or Attempting to Elude Officer, Flight to Avoid Apprehension, Possessing Instruments of Crime, Resisting Arrest, REAP, DUI, and Drivers Required to be Licensed.

On January 4, 2019, at his plea hearing, Appellant entered a guilty plea to one count each of Burglary, Criminal Mischief, Fleeing or Attempting to Elude Officer, Flight to Avoid Apprehension, Resisting Arrest, REAP, and DUI. In exchange, the Commonwealth *nolle prossed* the other charges, including the four counts of Aggravated Assault. The trial court accepted Appellant's plea and ordered a pre-sentence investigation report.

At Appellant's March 4, 2019 sentencing hearing, his counsel informed the court that Appellant told him that he had written a letter to the court requesting to withdraw his guilty plea. Appellant explained that he wanted to withdraw his plea because, in describing the Fleeing or Attempting to Elude

- 2 -

Officer charge at the plea hearing, the court stated that "he ran into th[e] police car[,]" even though he had not assaulted the officers. N.T. Sentencing, 3/4/19, at 4. Thus, he did "[not] want[] to be sentenced [for] something he did not do." ***Id.***

The court explained that its comments about Appellant running into the police car pertained to its questioning the Commonwealth about withdrawing the Aggravated Assault charges. The court reminded Appellant that the Commonwealth had dropped the Aggravated Assault charges and explained that Appellant's conviction of Fleeing or Attempting to Elude Officer was based not on the car crash, but on the fact that he tried to run away from the police officers.[3] Nevertheless, Appellant was convinced that the trial court would still base its sentence on the *nolle prossed* Aggravated Assault charges, and therefore he wished to withdraw his plea. The court denied Appellant's request to withdraw his guilty plea.

The court sentenced Appellant to, *inter alia*, an aggregate term of eleven to twenty-two years of incarceration. Appellant did not file a post-sentence motion.

---

[3] We note that the criminal information contained the following description pertaining to REAP, a charge to which Appellant pled guilty: "recklessly engag[ing] in conduct which placed . . . [the officers] in danger of death or serious bodily injury by ramming their police cruiser head-on with his vehicle and fleeing on foot, . . . all of which constitutes [REAP]." Information, dated 4/10/18, at 2.

Appellant timely filed a Notice of Appeal. Thereafter, counsel filed a Statement of Intent to File **Anders** Brief in Lieu of Statement of Errors Complained of on Appeal. **See** Pa.R.A.P. 1925(c)(4). Accordingly, the trial court did not file a Rule 1925(a) Opinion. Appellant's counsel filed an **Anders** Brief and an Application to Withdraw as Counsel with this Court. Appellant has not filed a response.

Counsel raises one issue in the **Anders** Brief challenging the trial court's denial of Appellant's request to withdraw his guilty plea. However, "this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa. Super. 2010).

In order for counsel to withdraw from an appeal, our Supreme Court has determined that counsel must file a brief pursuant to **Anders** that: (1) provides a summary of the procedural history and facts, with citations to the record; (2) refers to anything in the record that counsel believes arguably supports the appeal; (3) sets forth counsel's conclusion that the appeal is frivolous; and (4) states counsel's reasons for concluding that the appeal is frivolous. **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009). "Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous." **Id.**

Counsel's brief meets the **Anders** requirements. Additionally, counsel confirms that he sent Appellant a copy of the **Anders** Brief and Petition to

Withdraw, as well as a letter explaining to Appellant that he has the right to retain new counsel, proceed *pro se*, or to raise any additional points. **See Commonwealth v. Millisock**, 873 A.2d 748, 751 (Pa. Super. 2005) (describing notice requirements).

Because counsel has satisfied the above requirements, we now have the responsibility to "make a full examination of the proceedings and make an independent judgment as to whether the appeal is in fact wholly frivolous." **Santiago**, 978 A.2d at 355 n.5 (citation omitted). **See also Commonwealth v. Yorgey**, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (noting that we must "conduct a review of the record to ascertain if on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated.") (citation omitted).

We first address the substantive issue raised by counsel, *i.e.*, that the trial court erred in precluding Appellant from withdrawing his guilty plea. **Anders** Br. at 4-6. This Court reviews the denial of a request to withdraw a guilty plea for an abuse of discretion. **Commonwealth v. Davis**, 191 A.3d 883, 889 (Pa. Super. 2018). An abuse of discretion is more than an error in judgment; it will not be found unless the trial court's judgment was manifestly unreasonable, or was the result of partiality, bias, or ill-will. **Commonwealth v. McNabb**, 819 A.2d 54, 55 (Pa. Super. 2003).

There is no absolute right to withdraw a guilty plea. **Commonwealth v. Carrasquillo**, 115 A.3d 1284, 1291 (Pa. 2015). The trial court has the

discretion to determine whether a pre-sentence withdrawal request will be granted. **Id.** at 1291-92. **See** Pa.R.Crim.P. 591(A) ("At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty."). Such discretion is to be administered liberally, and withdrawal should be granted where: (1) the accused has made some "colorable demonstration" that permitting withdrawal of the plea would promote fairness and justice; and (2) the Commonwealth will not be substantially prejudiced in bringing the case to trial. **Carrasquillo**, **supra** at 1292; **Commonwealth v. Muhammad**, 794 A.2d 378, 382-83 (Pa. Super. 2002). The determination of whether the plea withdrawal would permit fairness and justice is based on the totality of the circumstances present at the time the withdrawal request is made. **Commonwealth v. Tennison**, 969 A.2d 572, 573 (Pa. Super. 2009).

Here, Appellant sought to withdraw his plea because he believed that the trial court would base its sentence for his Fleeing or Attempting to Elude Officer conviction on facts underlying the *nolle prossed* Aggravated Assault charges, specifically, "that [Appellant] ran into a police car." N.T. Sentencing, 3/4/19, at 4.

Based on our review of the record, we conclude that the trial court did not abuse its discretion in denying Appellant's Request to Withdraw his Guilty Plea. The court addressed Appellant's sentencing concerns. It discussed the

facts underlying the *nolle prossed* Aggravated Assault charges and distinguished those facts from the facts underlying the Fleeing or Attempting to Elude Officer charge. The court demonstrated that it understood which charges were *nolle prossed*, and stated that it would not base its sentencing decisions on the facts underlying those charges.

Therefore, Appellant did not make a "colorable demonstration" that permitting withdrawal of the plea would promote fairness and justice. Accordingly, we conclude that the trial court's denial of Appellant's Motion to Withdraw his guilty plea was not manifestly unreasonable or the result of partiality, bias, or ill-will. **McNabb**, 819 A.2d at 55. We, thus, agree with counsel that this issue has no merit.

Additionally, our independent review of the record does not reveal any non-frivolous arguments available to Appellant. **Yorgey**, **supra**. Thus, we agree with counsel that this appeal is wholly frivolous. Accordingly, we grant counsel's Petition to Withdraw as Counsel and affirm Appellant's Judgment of Sentence.

Judgment of Sentence affirmed. Counsel's Petition to Withdraw as Counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/23/2019

- 7 -