J-A21025-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
ERIC WALDRON :
:
Appellant : No. 328 EDA 2020

Appeal from the Order Dated December 6, 2019
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0001861-2018

BEFORE:  LAZARUS, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:                    **FILED NOVEMBER 10, 2020**

Appellant, Eric Waldron, appeals from the December 6, 2019 Judgment of Sentence[1] imposed in the Monroe County Court of Common Pleas after he entered an open guilty plea to various drug and weapon charges.  Upon review, we affirm.

From approximately November 2016 to February 2018, Appellant and his co-conspirators distributed heroin and methamphetamine throughout Monroe County.  On June 26, 2018, after gathering extensive evidence against

_____

[1] Appellant purports to appeal from the Order of December 17, 2019, which denied his Post-Sentence Motion.  Appeal properly lies from his Judgment of Sentence entered December 6, 2019. **Commonwealth v. Dreves**, 839 A.2d 1122, 1125 n.1 (Pa. Super. 2003) (*en banc*). We have corrected the caption accordingly.

Appellant, the Pennsylvania Office of the Attorney General filed a criminal complaint charging him with thirteen offenses arising from his involvement in this drug trafficking enterprise.

On September 2, 2018, Appellant posted bail on the Monroe County charges, but he remained in the custody of the Lehigh County Correctional Facility ("LCCF") due to a pending detainer relating to a probation violation in Lehigh County.

On March, 20, 2019, after a thorough oral colloquy in which Appellant agreed to counsel's recitation of the facts underlying the charges, Appellant entered an open guilty plea to five of the thirteen charged crimes: one count each of Corrupt Organizations, Dealing in Proceeds of Unlawful Activities, Criminal Use of a Communication Facility, Sale or Transfer of Firearm, and two counts of Possession with Intent to Deliver a Controlled Substance ("PWID").[2] After accepting Appellant's guilty plea, the trial court ordered a pre-sentence investigation report and scheduled a sentencing hearing, which the trial court continued several times.

Over five months later, while still in detention, Appellant filed a Motion to Withdraw Guilty Plea averring that the plea was not knowing, intelligent, and voluntary, and asserting that he was "factually/actually innocent" of the charges. Motion to Withdraw, filed 8/26/19, at ¶4, 5. At the same time,

---

[2] 18 Pa.C.S. §§ 911(b)(4), 5111(a)(1), 7512, 6111(c); and 35 Pa.C.S. § 780-113(a)(30), respectively.

Appellant's counsel filed a Motion to Withdraw as Counsel. The court scheduled a hearing on the Motions for September 26, 2019.

On September 6, 2019, Appellant's counsel sent a letter to Appellant at the LCCF notifying him of the hearing date. On or around September 9, 2019, Lehigh County lifted Appellant's detainer and released Appellant from the LCCF prior to the scheduled Motions hearing.[3]

At the September 26, 2019 Motions hearing, Appellant failed to appear. Appellant's counsel informed the court that mail typically took one day to arrive from his office to the LCCF and that Appellant had not contacted counsel after his release from the LCCF.

The trial court found that Appellant had notice of the Motions hearing and issued a bench warrant for Appellant. Appellant's counsel did not object, and did not present evidence or argument on Appellant's Motion to Withdraw Guilty Plea.

On November 6, 2019, law enforcement authorities brought Appellant before the trial court on the bench warrant. During a brief hearing, the court revoked Appellant's bail, dissolved the bench warrant, and remanded Appellant to the custody of Monroe County to await sentencing.

_____

[3] We note that Appellant's counsel informed the court that he contacted Lehigh County and learned that Appellant was released from incarceration on September 9, 2019. N.T. Hearing, 9/26/19, at 3. However, at his sentencing hearing, Appellant informed the court that Lehigh County did not release him from incarceration until September 15, 2019. N.T. Sentencing, 12/6/19, at 3, 11. This discrepancy does not affect our disposition.

On December 6, 2019, Appellant appeared before the court for sentencing. At the beginning of the hearing, Appellant renewed his request to withdraw his guilty plea. The trial court denied Appellant's Motion based on Appellant's failure to appear at the scheduled hearing, and sentenced Appellant to an aggregate term of 60 to 120 months' incarceration. Appellant filed a Post-Sentence Motion requesting reconsideration of his Motion to Withdraw Guilty Plea. On December 17, 2019, the court denied the Post-Sentence Motion, granted counsel's Motion to Withdraw, and appointed new counsel to represent Appellant.

Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises a sole issue for our review:

Whether the trial court erred in denying Appellant's pre-sentence request to withdraw his guilty plea?

Appellant's Br. at 4.

Appellant avers that the trial court abused its discretion when it denied his pre-sentence Motion to Withdraw Guilty Plea. Appellant's Br. at 4. He argues that the trial court erred in denying his Motion because his assertion that he did not enter a knowing, intelligent, and voluntary plea, as well as his claim of innocence, provided fair and just reason for permitting him to withdraw his plea. *Id*. at 28. Appellant also contends that the trial court erred when it did not give him an opportunity to present testimony on his Motion because, even though Appellant failed to attend the Motions hearing,

- 4 -

"it is not clear from the record that Appellant was notified of the hearing." *Id*. at 28-29. For the following reason, we conclude the trial court did not err or abuse its discretion in denying Appellant's Motion.

This Court reviews the denial of a request to withdraw a guilty plea for an abuse of discretion. ***Commonwealth v. Davis***, 191 A.3d 883, 889 (Pa. Super. 2018). An abuse of discretion is more than an error in judgment; this Court will not find an abuse of discretion unless the trial court's judgment was manifestly unreasonable, or was the result of partiality, bias, or ill will. ***Commonwealth v. Gordy***, 73 A.3d 620, 624 (Pa. Super. 2013).

There is no absolute right to withdraw a guilty plea. ***Commonwealth v. Carrasquillo***, 115 A.3d 1284, 1291 (Pa. 2015). "Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise." ***Commonwealth v. Hart***, 174 A.3d 660, 665 (Pa. Super. 2017) (citation omitted). The trial court has the discretion to determine whether to grant a pre-sentence withdrawal request. ***Carrasquillo***, ***supra*** at 1291-92. ***See*** Pa.R.Crim.P. 591(A) ("At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty.").

The Pennsylvania Supreme Court has directed that courts should administer such discretion liberally, and grant withdrawal of a guilty plea

where: (1) the accused has made some "colorable demonstration" that permitting withdrawal of the plea would promote fairness and justice; and (2) the Commonwealth will not be substantially prejudiced in bringing the case to trial. *Carrasquillo*, *supra* at 1292. The determination of whether the plea withdrawal would permit fairness and justice is based on the totality of the circumstances known to the trial court. *Commonwealth v. Tennison*, 969 A.2d 572, 573 (Pa. Super. 2009). It is well settled that "a bare assertion of innocence is not, in and of itself, a sufficient reason to require a court to grant such a request." *Carrasquillo*, *supra* at 1285.

Importantly, appellate courts must "honor trial courts' discretion in these matters, as trial courts are in the unique position to assess the credibility of claims of innocence and measure, under the circumstances, whether defendants have made sincere and colorable claims that permitting withdrawal of their pleas would promote fairness and justice." *Commonwealth v. Norton*, 201 A.3d 112, 121 (Pa. 2019).

Instantly, it was Appellant's burden to present evidence in order to make a colorable demonstration that withdrawal of his plea would promote fairness and justice. He has failed to do so. The trial court granted Appellant a hearing on his Motion, and Appellant failed to appear and failed to present **any** evidence on the Motion. Thus, it was not an abuse of discretion for the trial court to deny Appellant's pre-sentence Motion to Withdraw Guilty Plea.

Moreover, Appellant has waived any argument that he did not receive proper notice of the scheduled Motions hearing. During the September 26, 2019 Motions hearing, the trial court made a finding that Appellant received proper notice and counsel failed to object. Accordingly, this argument has not been preserved for our review. *See* Pa.R.A.P. 302 ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.")

In conclusion, the trial court did not abuse its discretion when it denied Appellant's pre-sentence Motion to Withdraw Guilty Plea where Appellant failed to appear at the scheduled hearing, and failed to present any evidence to demonstrate a fair and just reason for withdrawing his plea.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/10/2020