J-S10027-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                    :               PENNSYLVANIA
                                    :

             v.                           :
                                    :

ESDRI CONTRERAS                     :
                                    :
              Appellant             :      No. 1144 MDA 2021

Appeal from the Judgment of Sentence Entered April 9, 2021
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0001855-2019

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                    :               PENNSYLVANIA
                                    :

             v.                           :
                                    :

ESDRI CONTRERAS                     :
                                    :
              Appellant             :      No. 1145 MDA 2021

Appeal from the Judgment of Sentence Entered April 9, 2021
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0002981-2019

BEFORE:   MURRAY, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:          **FILED: JULY 11, 2022**

       Esdri Contreras appeals from the judgment of sentence imposed following his pleas of guilty to Possession of a Firearm Prohibited, Criminal Trespass, and Simple Assault. Contreras argues the court abused its discretion in denying one of his motions to withdraw his guilty pleas. We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

At a hearing on February 10, 2020, Contreras pleaded guilty to offenses arising during two distinct incidents prosecuted on two separate dockets. The Commonwealth stated the terms of the plea agreements in open court, which were as follows. *See* N.T., 2/10/20, at 2-3. On the first docket, Contreras would plead guilty to Possession of a Firearm Prohibited[1] ("the firearms charge"). *Id.* In exchange, the Commonwealth would drop the remaining charges on that docket.[2] *Id.* In conjunction, the Commonwealth would amend the second docket by downgrading the charges for Burglary and Aggravated Assault[3] to Criminal Trespass and Simple Assault[4] ("the trespass/assault charges"), to which Contreras would also plead guilty *Id.* at 3. The Commonwealth additionally agreed to recommend concurrent sentences. *Id.*

The court conducted a colloquy during which Contreras agreed he "did commit these offenses." *Id.* at 5. Contreras also acknowledged that he signed a written plea agreement for each docket. *Id.* at 4. Each listed the charges to which he was pleading guilty, and the maximum penalties. On the agreement for the trespass/assault charges, the original charges and gradings were

_____

[1] 18 Pa.C.S.A. §§ 6105(a)(1)

[2] The Commonwealth had also charged Contreras on that docket with Firearms Not to be Carried Without a License, Duties at Stop Sign, and Driving While Operating Privilege Suspended or Revoked. 18 Pa.C.S.A. §§ 6106(a)(1), 3323(b), and 1543(a).

[3] 18 Pa.C.S.A. §§ 3502(a)(1)(i) and 2702(a)(3).

[4] 18 Pa.C.S.A. §§ 3503(a)(1)(ii) and 2701(a)(1).

- 2 -

crossed out, and the new charges and gradings written next to them. ***See*** Plea Agreement, filed 2/10/20, at 1.

The Commonwealth stated the factual basis for the firearms charge as follows:

> Your Honor, on May 16, 2019, the Defendant was stopped operating a vehicle by Officer Christopher [Conarty]. Officer [Conarty] observed a handgun in plain view on the driver's side foot rest in the vehicle. These charges followed.

N.T., 2/10/20, at 7. Contreras agreed to plead guilty to those facts, and the underlying facts supporting the trespass/assault charges, the specifics of which are irrelevant to this appeal. ***Id.*** The court found Contreras was entering the pleas knowingly and intelligently. ***Id.*** at 8.

The court scheduled sentencing for April 2020 but continued it to July 2020. Contreras failed to appear for his July sentencing hearing, and the court revoked his bail. Contreras was apprehended in January 2021 and incarcerated pending his sentencing. The court rescheduled sentencing for March 2021 and continued it to April 2021.

A month prior to the sentencing hearing, Contreras filed motions to withdraw his guilty pleas under each docket number. The court held a hearing on the motions, at which Contreras told the court he wanted to withdraw his plea to the firearms charge because he had believed he "pleaded to a deal that would withdraw every other charge. . . . [T]he gun charge was going to withdraw all the other charges." N.T., 4/9/21, at 4-5. Defense counsel also argued that Contreras had a reasonable defense to the firearms charge:

If you look at the discovery, Your Honor, the gun has no owner. There are no prints on it. Certainly not his. There were three other people in the car. That was not put in the criminal complaint, but when I interviewed him in May, I found that there were three other people who took off.

I don't think it's unreasonable to say that somebody might have just thrown it and he took one for the team. So I think he does have a reasonable defense and if allowed to proceed, I think I can make something of it and get a detective on there and find those other three people.

I don't think the Commonwealth is prejudice[d] in any way, shape or form. We have discovery. We can go to trial.

*Id.* at 5-6.

The court denied the motions. It found Contreras "knew exactly what [he was] doing at the time of the guilty plea" and stated, "It's clear that he knew what he was doing and he wants to withdraw [on] the day of his sentencing." *Id.* at 4, 6.[5] The court sentenced Contreras to an aggregate sentence of 60 to 120 months' incarceration, with the sentence for each of the three convictions running concurrently. Contreras filed post-sentence motions, which the court denied.

_____

[5] The court also stated the following.

I went through a lengthy colloquy with you where I questioned you about both cases. I have the transcript. You knew exactly what you were pleading to. You accepted the plea agreement you answered all of my questions. You knew exactly what you were pleading to on both cases. In the colloquy, I have it on record that you answered it. You knew exactly you were pleading to the gun charge.

N.T., 4/9/21, at 3-4.

Contreras appealed and asks us to decide the following: "Did the trial court err and/or abuse its discretion in refusing to grant [Contreras's] pre-sentence request to withdraw his plea?" Contreras's Br. at 2.

Although Contreras filed a motion to withdraw his guilty pleas on both dockets, and filed a notice of appeal on both dockets, he restricts his argument to the withdrawal of his guilty plea on the firearms charge.[6] He first argues that he should be permitted to withdraw his plea because the Commonwealth "did not proffer a record of a strong case against" him. *Id.* at 19. He points out that this is a constructive possession case, and there was no fingerprint or DNA evidence or other proof he owned the firearm, and he made no inculpatory statements to the police. And, although he acknowledges it is not included in the Commonwealth's discovery, he asserts there had been three passengers with him when he was pulled over, who could have planted the firearm on him. Contreras posits his challenge to the strength of the Commonwealth's evidence amounts to a plausible claim of innocence.

Second, Contreras argues, without elaboration, that he should be permitted to withdraw his plea on the firearms charge because he believed the Commonwealth was going to drop the trespass/assault charges as a result.

---

[6] He adds in a footnote that if we grant relief on the firearms charge, we would likely have to grant similar relief on the trespass/assault charges, as the plea agreements and sentences are interconnected. *See* Contreras's Br. at 19. We therefore will not quash the appeal from the judgment of sentence on the trespass/assault charges.

Finally, Contreras argues the length of time between his guilty plea and the filing of his withdrawal motion should not be held against him, as trial court proceedings were not held on a regular basis "during the majority of 2020," due to the coronavirus pandemic protocols, and he filed the motion a full month before his sentencing hearing. *Id.* at 16. He also argues the Commonwealth would not be prejudiced by a plea withdrawal, "since their witness, a law enforcement officer, was not claimed to have disappeared or become unavailable." *Id.* at 17. Contreras asserts that the law provides that plea withdrawals should be liberally allowed and distinguishes the facts of his case from those of ***Commonwealth v. Carrasquillo***, 115 A.3d 1284 (Pa. 2015) and ***Commonwealth v. Norton***, 201 A.3d 112 (Pa. 2019), in which the Supreme Court sanctioned the trial court's denial of the defendant's motion to withdraw a pre-sentence guilty plea.[7]

The decision to allow a defendant to withdraw a pre-sentence guilty plea is left to the discretion of the trial court, and the appellant bears the heavy burden on appeal to establish an abuse of that discretion. ***Norton***, 201 A.3d at 116, 120.[8] "An abuse of discretion will not be found based on a mere error of judgment, but rather exists where the [trial] court has reached a conclusion

_____

[7] The Commonwealth has not filed a brief.

[8] ***See also*** Pa.R.Crim.P. 591(A) ("At any time before the imposition of sentence, the court may, **in its discretion**, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty") (emphasis added).

which overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." *Id.* at 120 (quoting *Commonwealth v. Eichinger*, 915 A.2d 1122, 1140 (Pa. 2007)).

A trial court should exercise its discretion on a request for a pre-sentence plea withdrawal "liberally in favor of the accused," and grant the request if the defendant demonstrates a "fair-and-just reason . . . unless withdrawal would work substantial prejudice to the Commonwealth." *Id.* (quoting *Carrasquillo*, 115 A.3d at 1291-92). However, when a defendant requests to withdraw his guilty plea because he is innocent, his claim "must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea." *Norton*, 201 A.3d at 120 (quoting *Carrasquillo*, 115 A.3d at 1292). Trial courts are charged with "assess[ing] the credibility of claims of innocence and measur[ing], under the circumstances, whether defendants have made sincere and colorable claims that permitting withdrawal of their pleas would promote fairness and justice." *Id.* at 121.

When considering the plausibility of the defendant's claim of innocence, the court may consider the timing of the defendant's request and his previous knowledge of his available defenses. *Id.* at 121-22; *see also Commonwealth v. Davis*, 191 A.3d 883, 890-91 (Pa.Super. 2018) (finding defendant's assertion of innocence not plausible where defendant did not assert innocence until two years after he had entered his guilty plea). While

- 7 -

the strength of the government's evidence is another relevant consideration, *see Commonwealth v. Islas*, 156 A.3d 1185, 1190 (Pa.Super. 2017), a defendant's desire to test the Commonwealth's evidence does not bolster a claim of innocence, particularly where the defendant was aware of the evidence prior to entering his plea. *Norton*, 201 A.3d at 121-22; *see also id.* at 122 n.7 (stating trial court should not grant pre-sentence plea withdraw motion based on defendant's "desire to pursue a standard defense strategy seeking to discredit the Commonwealth's evidence").

Erroneous advice from counsel which renders a guilty plea unknowing, involuntary, or unintelligent may also constitute a fair and just reason for withdrawing the plea. *See Commonwealth v. Elia*, 83 A.3d 254, 264 (Pa.Super. 2013); *Commonwealth v. Pardo*, 35 A.3d 1222, 1230 (Pa.Super. 2011). However, a defendant's claim that he did not understand the terms of the plea agreement or the consequences of the plea can be belied by the defendant's statements under oath or in a written guilty plea colloquy. *See Commonwealth v. Culsoir*, 209 A.3d 433, 438-39 (Pa.Super. 2019); *Commonwealth v. Davis*, 191 A.3d 883, 889 (Pa.Super. 2018).

Here, the court observed that Contreras had been colloquied and had entered his guilty pleas in accordance with Rule of Criminal Procedure 590. The court also stated that the Commonwealth had proffered a sufficient factual basis to establish Contreras's guilt, Contreras was advised of the maximum possible sentences, and he had signed written plea agreements. Trial Court Opinion, filed October 13, 2021, at 3 (unpaginated). The court found that

Contreras "was aware of and understood the terms and conditions of both plea agreements" and that his pleas "were knowingly, voluntarily and intelligently entered." *Id.* The court further observed that Contreras filed his motions to withdraw his guilty pleas more than a year after he entered them. *Id.* The court also found that while Contreras's written motion on the firearms charge challenged the Commonwealth's evidence, it did not make overt allegations of his innocence. *Id.* The court concluded Contreras "made no colorable demonstration, under the circumstances, that permitting withdrawal of his guilty pleas would promote fairness and justice," and his motions "were nothing more than an attempt to delay the imposition of justice." *Id.* at 4.

The court did not abuse its discretion in denying the motion. Although the Commonwealth made no proffer of evidence against Contreras aside from the testimony of the arresting officer, Contreras's proposed defense against the Commonwealth's constructive possession case was tenuous. The officer found the firearm in the driver's side footrest of the vehicle that Contreras was driving, and Contreras presented no testimony or other evidence at the hearing on the motion to support his assertion that there had been passengers in the car at the time of his arrest. His mere desire to challenge the Commonwealth's evidence is insufficient to support a plausible claim of innocence. *Norton*, 201 A.3d at 121-22.

While the strength of the Commonwealth's case goes to the plausibility of Contreras's claim of innocence, so does the timing of his withdrawal request. *Id.* Although Contreras claims he delayed in moving to withdraw his

- 9 -

guilty plea because the court was backlogged in 2020 due to pandemic restrictions, he does not explain how infrequent court hearings during that time prevented him from filing the motion. Moreover, he did not make this argument to the court below. *See* Pa.R.A.P. 302(a) (matters not raised before the trial court are waived). Furthermore, this excuse ignores the fact that Contreras absconded during the latter half of 2020 and did not file his motion until he was incarcerated and awaiting his rescheduled sentencing hearing. The timing of the motion supports the court's conclusion that it was "an attempt to delay the imposition of justice." Trial Ct. Op. at 4.

Finally, the court did not find credible Contreras's allegation that he believed pleading guilty on the firearms charge would result in a dismissal of the trespass/assault charges. The court's conclusion is supported by the record, including by Contreras's on-the-record agreement to the factual basis for the trespass/assault charges, his entry of a plea of guilty to those charges, and his signing of the written colloquy listing those charges. *Culsoir*, 209 A.3d at 438-39; *Davis*, 191 A.3d at 889. Contreras did not carry his heavy burden to show the court abused its discretion in finding that he "made no colorable demonstration, under the circumstances, that permitting withdrawal of his guilty pleas would promote fairness and justice." Trial Ct. Op. at 4.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>07/11/2022</u>