J-S04034-20 & J-S04035-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| LUIS MEDINA | : | No. 1574 EDA 2019 |

Appeal from the Order Entered May 2, 2019
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0000039-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| LUIS MEDINA | : | No. 1575 EDA 2019 |

Appeal from the Order Entered May 2, 2019
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0000594-2016

BEFORE:  BENDER, P.J.E., STABILE, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED MARCH 11, 2020**

The Commonwealth of Pennsylvania (Appellant) appeals from the order permitting Luis Medina (Medina) to withdraw his guilty plea.  We affirm.

A panel of this Court recently explained:

> On May 25, 2016, [Medina] pleaded guilty to one count of robbery at docket number CP-45-CR-0000039-2016, and one count of receiving stolen property at docket number CP-45-CR-0000594-2016. N.T., 5/25/2016, at 12[; *see also* 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 3925(a).]   [A]s part of [Medina's] plea

agreement, [Appellant] informed the trial court that [Appellant] was in "agreement with a state intermediate punishment sentence in connection with these offenses." [N.T., 5/25/2016, at 12.] As such, [Appellant] requested [that] the trial court, prior to sentencing, "remand [Medina] to a state correctional institution for an evaluation for the state intermediate [punishment] program [(S[]IP program)]." *Id.* [Medina's] plea was accepted, and the trial court directed [that] [he] be committed to the Department of Corrections for a S[]IP program evaluation, noting [that] "[Appellant] has waived [Medina's] ineligibility for the [SIP p]rogram based on the instant conviction and his prior criminal history." *Id.* at 14-15. Sentencing was deferred pending the outcome of [Medina's] evaluation.

On February 8, 2018, *prior to his sentencing hearing*, [Medina] filed a motion to withdraw his guilty plea. Therein, [Medina] averred that, unbeknownst to him, his counsel, and the district attorney, charges were filed against [him] in Northampton County[1] and a detainer was placed on [him]. Motion to Withdraw Guilty Plea, 2/8/2018, at 1 (unnumbered). Because of this detainer, [Medina] was denied participation into the S[]IP program. *Id.* In [Medina's] motion, defense counsel asserted that he would not have advised [Medina that] he was eligible for the S[]IP program had [counsel] been aware of the outstanding detainer[,] which "automatically disqualified" [Medina] from participating in the S[]IP program. *Id.* Based on the foregoing, [Medina] sought to withdraw his guilty plea "due to [his] unknowing and uncounseled plea. But for counsel's presentation that [Medina] was eligible for the S[]IP Program, [he] would not have" pleaded guilty. *Id.* at 2. Upon receipt of the motion, the trial court scheduled a hearing. Order of Court, 2/13/2017.

On March 6, 2016, the parties appeared for the hearing, which was short and consisted solely of arguments from [Medina's] counsel and the [prosecutor], as well as a brief inquiry by the trial court. N.T., 3/6/2016, at 2-5. [Medina's] counsel reiterated the same arguments set forth in [his] motion. *Id.* at 2 ([where counsel stated that "b]ut for the [SIP program, Medina] would not have entered into that guilty plea; and without that still

---

[1] We reference these charges as "the Northampton charges"; the Northampton charges were subsequently dismissed due to a violation of Pa.R.Crim.P. 600 (prompt trial).

being on the table, I don't believe that his plea would be knowing, intelligent and voluntary."). In response, [Appellant] argued [that] the trial court should deny [Medina's] motion because the language used during [his] plea colloquy made it clear that there was no guarantee that [Medina] would be accepted into the S[]IP program. *Id.* at 3 ([where the prosecutor stated that "l]ooking back at the plea colloquy, there is very clear language in here that says 'if' [Medina] is accepted into the S[]IP Program."). Ultimately, the trial court denied [Medina's] motion and proceeded directly to sentencing.

*Commonwealth v. Medina*, 209 A.3d 475 (Pa. Super. 2019) (unpublished memorandum at **1-4) (footnote and emphasis added, footnotes in original omitted).[2]

On March 6, 2017, the trial court sentenced Medina to an aggregate 4 to 10 years in prison; he was not considered for the SIP program. He thereafter filed a motion to reconsider sentence, which the trial court denied.

Following a procedural history that is not relevant here, Medina filed a direct appeal in *Medina I*. The *Medina I* panel held that Medina was entitled to an evidentiary hearing on the motion to withdraw his guilty plea, and thus vacated the judgment of sentence and remanded the matter for the trial court to conduct a hearing. *See Medina I*, 209 A.3d 475 (unpublished memorandum at **9-10); *see also id.* at *9 (suggesting that Medina may have raised a just reason to be permitted to withdraw his plea).

---

[2] We refer to this decision as "*Medina I*."

The trial court conducted a hearing on May 2, 2019.[3] At the close of the hearing, the trial court entered an order granting Medina's motion to withdraw his guilty plea. Appellant then filed notices of appeal[4] and court-ordered concise statements of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).

Appellant presents a single issue for our review: "Whether the Sentencing Court erred in granting [Medina's] motion to withdraw his guilty plea once he was deemed ineligible for the [SIP] Program?" Brief for Appellant at 4.

We have stated the applicable law as follows:

> "We review a trial court's ruling on a [pre]sentence motion to withdraw a guilty plea for an abuse of discretion." **Commonwealth v. Islas**, 2017 PA Super 43, 156 A.3d 1185, 1187 (Pa. Super. 2017) (citation omitted). Pennsylvania Rule of Criminal Procedure 591(A) provides that, "[a]t any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty." Pa.R.Crim.P. 591(A).

---

[3] At that time, Medina had served approximately 3½ years in prison for the underlying convictions, toward his aggregate term of 4 to 10 years. The trial court informed Medina of the possibility that if he elected to withdraw his plea and proceed to trial, he could receive an increased aggregate sentence if convicted. N.T., 5/2/19, at 24.

[4] Appellant complied with the dictates of our Pennsylvania Supreme Court in **Commonwealth v. Walker**, 185 A.3d 969, 971 (Pa. June 1, 2018) (holding that, prospectively from the date of the **Walker** decision, "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case.").

- 4 -

"Although there is no absolute right to withdraw a guilty plea, properly received by the trial court, it is clear that a request made before sentencing should be liberally allowed." ***Commonwealth v. Kpou***, 2016 PA Super 308, 153 A.3d 1020, 1022 (Pa. Super. 2016) []. "In determining whether to grant a presentence motion for withdrawal of a guilty plea, the test to be applied by the trial courts is fairness and justice." ***Commonwealth v. Elia***, 2013 PA Super 323, 83 A.3d 254, 262 (Pa. Super. 2013) []. Therefore, if the defendant provides a fair and just reason for wishing to withdraw his or her plea, the trial court should grant it unless it would substantially prejudice the Commonwealth. ***Commonwealth v. Carrasquillo***, 631 Pa. 692, 115 A.3d 1284, 1287 (Pa. 2015) (citation omitted).

***Commonwealth v. Williams***, 198 A.3d 1181, 1184 (Pa. Super. 2018) (some parentheticals omitted); ***see also Commonwealth v. Blango***, 150 A.3d 45, 51 (Pa. Super. 2016) (stating that "'prejudice,' in the withdrawal of a guilty plea context, requires a showing that, due to events occurring after the plea was entered, the Commonwealth is placed in a worse position than it would have been had trial taken place as scheduled.").

The policy underlying this liberal exercise of discretion is well-established: The trial courts[,] in exercising their discretion[,] must recognize that before judgment, the courts should show solicitude for a defendant who wishes to undo a waiver of all constitutional rights that surround the right to trial – perhaps the most devastating waiver possible under our constitution.

***Elia***, 83 A.3d at 262 (citations and quotation marks omitted).

Here, Appellant argues:

[Medina] did not immediately file a motion to withdraw his guilty [plea], but made several attempts to regain eligibility for the SIP program, and it was only after those attempts failed that he decided to withdraw his guilty plea. It is only the sentence that he disputes. Therefore, [his] guilty plea was knowingly and voluntarily made. If he would have been accepted into the SIP program, he would not have protested. [Medina] should not be

permitted to manipulate the sentencing process to obtain a more favorable sentence by now arguing that his guilty plea was not knowingly and voluntarily made.

Brief for Appellant at 14. Appellant further posits that "the future availability of the SIP program would be placed into jeopardy by allowing defendants to test their chances of getting into the program with the belief that they could just withdraw their guilty [plea] if they are not successful in first getting into the program." *Id.* Finally, Appellant contends that the trial court's ruling caused Appellant substantial prejudice, asserting:

> [Medina's] co-defendant [in one of the two cases] had agreed to testify against [Medina] at trial. Once [Medina] pled and was sentenced, the [court] proceeded to sentence his co-defendant. Had this case gone to trial, [it is likely the court] would never have proceed to sentence the co-defendant as that takes away any incentive for [the co-defendant] to testify against [Medina].

*Id.* at 14-15.

Upon review, we find no abuse of discretion in the trial court's determination that Medina advanced a "fair and just reason" for withdrawal. Prior to entering his plea, Medina was incorrectly advised by his counsel that there were no impediments to his being evaluated and potentially accepted into the SIP program. In actuality, due to the Northampton charges, Medina was ineligible for SIP. Moreover, at the time of the plea, Appellant stated on the record that it was waiving any ineligibility impediments that may have precluded Medina from being accepted into SIP, such that Medina reasonably believed and expected that he would receive SIP.

Finally, the panel in **Medina I** aptly cited two closely related cases that support a determination that such circumstances constitute a fair and just reason to permit Medina to withdraw his plea:

> **Commonwealth v. Dicken**, 2006 PA Super 51, 895 A.2d 50, 54 (Pa. Super. 2006) ("Being advised that you are eligible for boot camp, when i[n] fact you are not, may be a fair and just reason for withdrawal of a plea.[");] [*s*]*ee* [*also*] **Commonwealth v. Hickman**, 2002 PA Super 152, 799 A.2d 136[, 142] (Pa. Super. 2002) (plea counsel's erroneous advice about boot camp eligibility under negotiated sentence invalidated [a]ppellant's guilty plea)[].

**Medina I**, 209 A.3d 475 (unpublished memorandum at *9).

We further disagree with Appellant's characterization that Medina was "manipulat[ing] the sentencing process to obtain a more favorable sentence[.]" Brief for Appellant at 14. Rather, Medina filed the motion to withdraw his guilty plea, pointing out plea counsel's erroneous advice, *before* he was sentenced. **Cf. Commonwealth v. Kelly**, 5 A.3d 370, 377 (Pa. Super. 2010) (explaining that "[p]ost-sentence motions for withdrawal are subject to higher scrutiny [than pre-sentence motions to withdraw] since courts strive to discourage the entry of guilty pleas as sentencing-testing devices." (citation omitted)).

Additionally, the trial court properly rejected Appellant's contention that permitting withdrawal of the plea caused Appellant substantial prejudice. In this regard, we agree with and adopt the trial court's rationale:

> Although Appellant contends that it is prejudiced because [Medina's] codefendant in these cases has already entered a guilty plea and was sentenced, we cannot say that Appellant is substantially prejudiced. Appellant does not contend that the co-

defendant is unavailable to testify. Appellant simply stated that the co[-]defendant has no motivation to cooperate[,] since he entered his guilty plea and has been sentenced. We cannot say that a co-defendant's possible lack of motivation to cooperate and testify at trial constituted substantial prejudice to [] Appellant. [] Appellant may suffer[] some prejudice if the co-defendant is less than willing to cooperate and testify against [Medina;] however, we cannot say that this constitutes a substantial prejudice to [] Appellant. Further, [Appellant] does not assert that the victim or any other witness is not available to testify at trial.

Trial Court Opinion, 6/12/19, at 4 (unnumbered).[5] Any potential prejudice to Appellant (1) does not rise to the level of "substantial" prejudice; and (2) is outweighed by the "fairness and justice" to which Medina is entitled in exercising his constitutionally-protected right to a jury trial.

Accordingly, as we discern no abuse of the trial court's exercise of its broad discretion, we affirm the order granting Medina's motion to withdraw his guilty plea.

Order affirmed.

_____

[5] Moreover, contrary to Appellant's assertion, our prior decision in **Commonwealth v. Davis**, 191 A.3d 883 (Pa. Super. 2018), does not compel a different determination as to prejudice, since the circumstances in **Davis** differ from those in the instant case. **See id.** at 891 (holding that the Commonwealth would suffer substantial prejudice if the defendant was permitted to withdraw his guilty pleas where (1) the Commonwealth had destroyed the narcotics upon which defendant's convictions were based; and (2) defendant's co-defendant had already been sentenced and thus lacked motivation to cooperate with the prosecution).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/11/20