J-S25045-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RAKIM E. STEPHENSON | : | |
| | : | |
| Appellant | : | No. 1558 MDA 2019 |

Appeal from the PCRA Order Entered September 10, 2019
In the Court of Common Pleas of Huntingdon County
Criminal Division at No(s): CP-31-CR-0000609-2016

BEFORE: LAZARUS, J., DUBOW, J., and KING, J.

MEMORANDUM BY KING, J.: **FILED SEPTEMBER 23, 2020**

Appellant, Rakim E. Stephenson, appeals from the order entered in the Huntingdon County Court of Common Pleas, which denied his first petition filed under the Post Conviction Relief Act ("PCRA") at 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The relevant facts and procedural history of this case are as follows. On November 7, 2016, the Attorney General of Pennsylvania filed a criminal information charging Appellant with six counts of possession with intent to deliver a controlled substance ("PWID"), and one count each of delivery of a controlled substance, conspiracy, dealing in proceeds of unlawful activity, and criminal use of a communication facility. The court appointed counsel to represent Appellant.

Following failed plea negotiations, a jury trial commenced on May 18,

2017. After the testimony of three Commonwealth witnesses, the court declared a recess. When trial resumed, Appellant entered a negotiated guilty plea to two counts of PWID and one count of conspiracy. In exchange, the Commonwealth recommended an aggregate sentence of six to twelve years' incarceration, plus six years' probation. As part of the plea negotiations, Appellant expressly waived his right to file a motion to withdraw his guilty plea. Counsel discussed this aspect of the plea agreement on the record as follows:

> [PLEA COUNSEL]: We specifically talked about this. [Appellant] cannot withdraw this guilty plea. I have advised [the Commonwealth] that I would not file a motion on his behalf. I've indicated that [the Commonwealth] would be prejudiced if such a motion were to be filed and [Appellant] has agreed with me that he would not file such a motion.

(N.T. Guilty Plea Hearing, 5/18/17, 1-2). Appellant completed a written guilty plea colloquy. The court also conducted an oral colloquy of Appellant, asking, *inter alia*,

> THE COURT: Now it's a bit unusual but [plea counsel] seemed rather certain he wanted it on the record that you will not have the opportunity to withdraw this plea. Do you understand that?
>
> [APPELLANT]: Yes, sir
>
> THE COURT: And that Mr.— if you were to attempt to withdraw, [plea counsel] would agree with the Commonwealth that it would be prejudicial to the Commonwealth for you to do that. Do you understand that?
>
> [APPELLANT]: Yes, sir.
>
> THE COURT: Which would mean that I — that if you were to

> file a Motion to Withdraw[,] based on the prejudice to the Commonwealth, I wouldn't allow you to do it. Do you understand that?
>
> [APPELLANT]: Yes, sir.

(*Id.* at 4-5). Following the plea colloquy, the court accepted Appellant's guilty plea as knowing, intelligent, and voluntary.

At sentencing on August 18, 2017, Appellant requested through counsel that he be sentenced pursuant to the Recidivism Risk Reduction Incentive Act ("RRRIA"). The Commonwealth opposed the request, claiming Appellant was ineligible for relief under the RRRIA based on a 2009 conviction in Burlington County, New Jersey for aggravated assault. Appellant, however, denied that he had been convicted of aggravated assault, and maintained that his only conviction in New Jersey was for receiving stolen property. Appellant further alleged that the criminal history the Commonwealth provided was not his, insisting someone had impersonated him. The court decided to continue the sentencing hearing to allow the Commonwealth to gather further documentation to determine whether Appellant had been convicted of aggravated assault in New Jersey.

The sentencing hearing resumed on August 29, 2017. At that hearing, the Commonwealth produced substantial documentation, including photographs, that proved Appellant had been convicted of aggravated assault in Burlington County, New Jersey in 2009. When asked if he had anything to say, Appellant admitted:

> Basically this incident happened over almost ten years ago. I was a kid when this happened. All I can say is — I don't know. I guess this happened almost ten years ago. I was 19, 20 years old when this happened. I'm 29 now, you know. I haven't had any aggravated assault, any type of assaults on anybody, not even a fist fight in any correctional institutions I have been. The circumstances behind this incident, I mean it wasn't my fault, you know what I mean, but all I can do is ask that you just take that into consideration.

(N.T. Sentencing Hearing, 8/29/17, at 2-3). The court then began to sentence Appellant. Before the court finished imposing Appellant's sentence, however, Appellant made a *pro se* oral motion to withdraw his plea based on ineffective assistance of counsel. The court denied the motion. The court then sentenced Appellant in accordance with the plea agreement. The court did not make Appellant eligible for relief under the RRRIA.

On September 22, 2017, Appellant timely filed *pro se* the instant PCRA petition. The court appointed counsel, who filed an amended petition on August 21, 2018. In the amended petition, Appellant argued he did not enter his guilty plea knowingly, intelligently, or voluntarily because plea counsel incorrectly informed him that he would receive a RRRIA sentence. Appellant contended plea counsel failed to investigate and acquire full information regarding Appellant's criminal history to properly advise Appellant of his eligibility for RRRIA. Appellant maintained he would have continued with trial had he known he was ineligible for the program. Appellant averred counsel's mistaken advice was further exacerbated by counsel's agreement to stipulate that the Commonwealth would suffer prejudice if Appellant tried to withdraw

his plea. Additionally, Appellant claimed that he should have received additional credit for time served in the Mifflin County jail.

The court conducted a PCRA hearing on March 25, 2019, where the following occurred:

1. [Appellant] testified that his objective and goal in this case outside of an acquittal was to get a minimum sentence of five years.

2. There were plea negotiations between his attorney and the Deputy Attorney General, [Appellant] said, beginning in December 2016.

3. At that point [Appellant] related that the Commonwealth proffered that in exchange for a plea to all charges, a sentence of ten to twenty years would be recommended.

4. The letter making that offer was placed in evidence as [Appellant]'s Exhibit A.

5. The content of the letter indicated that the Commonwealth believed [Appellant] had an extensive criminal history in New Jersey under the name Shaheed Cook.

6. [Appellant] testified that he has never been known by that name.

7. [Appellant] testified that [plea counsel] responded on February 3, 2017 to the Commonwealth's offer.

8. In that letter, which was admitted into evidence as Exhibit B, [plea counsel] rejected the offer, informed the Commonwealth that [Appellant] was not Shaheed Cook, and advised the Commonwealth's attorney that [Appellant]'s only New Jersey conviction was for receiving stolen property.

9. [Plea counsel] suggested in his letter that since his client's prior record score was 1, a minimum sentence of five years would be appropriate.

10. [Appellant] testified that at his trial on May 18, 2017, during the first break, the Commonwealth offered in exchange for a plea to recommend a sentence of 6 to 18 years.

11. [Appellant] said he rejected this offer.

12. Next, [Appellant] said, the Commonwealth proffered a sentencing recommendation of 6 to 12 years plus 6 years of consecutive probation.

13. [Plea counsel] pointed out, [Appellant] said, that if his New Jersey [record] indicated only a conviction for receiving stolen property he would be eligible for a RRRIA sentence.

14. Since he and his attorney had discussed the RRRIA program previously, [Appellant] knew[,] he said[,] that eligibility meant his minimum sentence would be reduced by a year.

15. Based on that, [Appellant] said, he took the deal.

16. He acknowledged that [plea counsel] told him that he would have to stipulate that the Commonwealth would be prejudiced in the event he attempted to withdraw the plea.

17. On that point, he recalled that [plea counsel] told [Appellant] he would not file a motion to withdraw the plea[].

18. The plea[] [was] entered on May [18], 2017, and the record is silent with respect to RRRIA eligibility.

19. Eligibility did become an issue at sentencing on August 18, 2017, and sentencing was continued until August 29, 2017.

20. [Appellant] testified that [plea counsel] refused to file a motion for him to withdraw his plea[].

21. As noted, [Appellant]'s *pro se* attempt to withdraw his

plea[] during sentencing [was] denied.

22. [Plea counsel] testified that he did his best to investigate his client's past criminal history.

23. In this regard, [plea counsel] said he requested but never received his client's rap sheet.

24. In the final analysis, [plea counsel] testified he had to rely on what his client told him.

25. [Plea counsel] said he and his client were aware before the entry of the guilty plea[] that the Commonwealth believed [Appellant] had a prior conviction in New Jersey for aggravated assault.

26. At all times, however, [plea counsel] said his client assured him that it wasn't him, and that his only New Jersey conviction was for receiving stolen property.

27. RRRIA eligibility was discussed, [plea counsel] said, prior to the entry of the plea[].

28. [Plea counsel] told [Appellant]…that if the only conviction he had was receiving stolen property then he would be eligible for a RRRIA sentence and he would get his five year minimum.

29. [Plea counsel] recalled telling [Appellant] that he would not file a motion to withdraw the guilty plea[].

30. In this regard, [plea counsel] testified that he had no recollection of [Appellant] ever asking him to file a motion to withdraw the plea[].

31. [Plea counsel] expressed the opinion that the Commonwealth's offer of 6 to 12 years plus six years of consecutive probation was better than a good deal.

32. On cross-examination, [plea counsel] said that from the beginning there was a dispute over [Appellant]'s New Jersey record.

33. At all times from his appointment until August 29, 2017,

> [plea counsel] testified [that Appellant] denied he had a New Jersey conviction for aggravated assault, and consistently maintained that his only conviction in New Jersey was for receiving stolen property.

(PCRA Court Opinion, dated September 10, 2019, at 4-7).

On September 10, 2019, the court granted relief in part and denied relief in part. Specifically, the court amended Appellant's judgment of sentence to include the requested credit for time served but denied PCRA relief in all other respects. Appellant filed a timely notice of appeal on September 26, 2019. On September 30, 2019, the court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b); Appellant complied on October 16, 2019.

Appellant raises the following issue on appeal:

> Whether the Trial Court erred in finding that Appellant's guilty plea was entered in a knowing, intelligent, and voluntary manner in that ineffective assistance of counsel caused the plea to be entered?

(Appellant's Brief at 4).

Appellant argues his guilty plea was unknowing, unintelligent, and involuntary due to the ineffective assistance of plea counsel. Appellant asserts counsel failed to (1) acquire complete information regarding Appellant's criminal record; (2) correctly calculate Appellant's prior record score; and (3) determine whether Appellant was eligible under the RRRIA. Appellant avers counsel did not have this crucial information at the time Appellant entered the guilty plea, and that counsel incorrectly informed Appellant that he would

receive a RRRIA sentence. Appellant maintains he would have continued with trial rather than entering the guilty plea had he known he was not RRRIA eligible.

Appellant further contends plea counsel effectively abandoned him by refusing to file a motion to withdraw the guilty plea on Appellant's behalf, once it became clear Appellant was not RRRI eligible. Appellant further reasons the court erred in denying his *pro se* motion to withdraw his guilty plea, where there was a fair and just reason for doing so. Appellant concludes this Court should vacate his sentence and remand to the trial court with instructions that he be permitted to withdraw his guilty plea and to proceed to trial. We disagree.

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We do not give the same deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190 (Pa.Super. 2012). Traditionally, credibility issues are resolved by the trier of fact who had the opportunity to observe the witnesses' demeanor. *Commonwealth v. Abu-*

*Jamal*, 553 Pa. 485, 720 A.2d 79 (1998), *cert. denied*, 528 U.S. 810, 120 S.Ct. 41, 145 L.Ed.2d 38 (1999). "A PCRA court passes on witness credibility at PCRA hearings, and its credibility determinations should be provided great deference by reviewing courts." *Commonwealth v. Johnson*, 600 Pa. 329, 356-357, 966 A.2d 523, 539 (2009).

Pennsylvania law presumes counsel has rendered effective assistance. *Commonwealth v. Williams*, 597 Pa. 109, 950 A.2d 294 (2008). When asserting a claim of ineffective assistance of counsel, the petitioner is required to demonstrate: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and, (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Commonwealth v. Kimball*, 555 Pa. 299, 724 A.2d 326 (1999). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. *Williams, supra*. Further, "[c]ounsel cannot be found ineffective for failing to pursue a baseless or meritless claim." *Commonwealth v. Poplawski*, 852 A.2d 323, 327 (Pa.Super. 2004).

"Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Moser*, 921 A.2d 526, 531 (Pa.Super. 2007) (internal citation omitted). "Where the defendant enters his plea on the advice of counsel, the

voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." ***Id.*** Pennsylvania law does not require the defendant to "be pleased with the outcome of his decision to enter a plea of guilty[; a]ll that is required is that his decision to plead guilty be knowingly, voluntarily and intelligently made." ***Id.*** at 528-29. A guilty plea will be deemed valid if the totality of the circumstances surrounding the plea shows that the defendant had a full understanding of the nature and consequences of his plea such that he knowingly and intelligently entered the plea of his own accord. ***Commonwealth v. Fluharty***, 632 A.2d 312 (Pa.Super. 1993). Pennsylvania law presumes the defendant is aware of what he is doing when he enters a guilty plea, and the defendant bears the burden to prove otherwise. ***Commonwealth v. Pollard***, 832 A.2d 517, 523 (Pa.Super. 2003).

The following legal principles apply to a pre-sentence motion to withdraw a plea:

> [W]e recognize that at "any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty." Pa.R.Crim.P 591(A). The Supreme Court of Pennsylvania recently clarified the standard of review for considering a trial court's decision regarding a defendant's pre-sentence motion to withdraw a guilty plea:
>
> > Trial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-

- 11 -

> just reason will suffice to support a grant, unless
> withdrawal would work substantial prejudice to the
> Commonwealth.
>
> ***Commonwealth v. Carrasquillo***, 631 Pa. 692, [704,] 115
> A.3d 1284, 1285, 1291-92 (2015) (holding there is no *per
> se* rule regarding pre-sentence request to withdraw a plea,
> and bare assertion of innocence is not a sufficient reason to
> require a court to grant such request).  We will disturb a
> trial court's decision on a request to withdraw a guilty plea
> only if we conclude that the trial court abused its discretion.
> ***Commonwealth v. Gordy***, 73 A.3d 620, 624 (Pa.Super.
> 2013)[, *appeal denied*, 624 Pa. 687, 87 A.3d 318 (2014)].

***Commonwealth v. Davis***, 191 A.3d 883, 888-89 (Pa.Super. 2018), *appeal*

*denied*, ___ Pa. ___, 200 A.3d 2 (2019).

Instantly, the PCRA court explained:

> The claim of ineffectiveness in this case is based on what
> PCRA counsel labels "equivocal advice" given to [Appellant]
> about his eligibility for a RRRIA sentence.  In this regard,
> [Appellant] argues [he] was prejudiced by the failure of trial
> counsel to obtain the records that eliminated any doubt
> about the fact that [Appellant] was convicted of aggravated
> assault in New Jersey.  He argues therefore that it was
> unreasonable to rely on [Appellant]'s memory.  The case of
> ***Commonwealth v. Hickman***, 799 A.2d 13[6] (Pa.Super.
> 2002) is cited in support of the argument.  In that decision
> the Superior Court found that giving incorrect advice
> concerning eligibility for State Motivational Boot
> Camp…rendered the plea entered in reliance involuntary
> and unknowing.
>
> The facts in this case do not parallel the facts in ***Hickman***
> and the cases cited in that Opinion.  In this case [plea]
> counsel did not advise [Appellant] to enter [a] plea[] of
> guilty on May 18, 2017.  What he did was correctly explain
> the law regarding eligibility for a RRRIA sentence.
> [Appellant] knew when he entered his plea[] that a
> conviction for aggravated assault disqualified him for a
> RRRIA sentence but he nonetheless elected to plead.
> Regarding records, trial counsel had the records that

- 12 -

> indicated a New Jersey conviction for aggravated assault. The issue of the legitimacy of that record had been discussed, and, as noted [Appellant] had always maintained that it wasn't him. Therefore, we find that [Appellant]'s claim has no arguable merit since ultimately he made the decision to enter his plea[] of guilty.

(**See** PCRA Court Opinion at 8-9). The record supports the PCRA court's sound analysis. **See Conway, supra**; **Boyd, supra**. Additionally, Appellant's oral and written plea colloquies confirm Appellant's plea was knowing, intelligent, and voluntary.[1] **See Fluharty, supra**. **See also Moser, supra**; **Pollard, supra**.

Concerning Appellant's claim that counsel "abandoned him" by refusing to file a petition to withdraw the guilty plea on Appellant's behalf, the court considered Appellant's *pro se* motion and denied it on the grounds asserted. Further, Appellant waived his ability to withdraw his plea and stipulated that the Commonwealth would suffer prejudice if he did so. **See generally Commonwealth v. Snook**, 230 A.3d 438 (Pa.Super. 2020) (explaining

_____

[1] Despite his stipulation to the contrary, the boilerplate language of the written colloquy form erroneously informed Appellant that he would be able to seek withdrawal of his plea. (**See** Guilty Plea Colloquy, 5/18/17, at 3 unpaginated). Appellant's acknowledgement of his inability to withdraw his plea and his stipulation of prejudice to the Commonwealth during the oral plea colloquy, however, is sufficient to overcome this error. **See Commonwealth v. Yeomans**, 24 A.3d 1044, 1047 (Pa.Super. 2011) (stating: "[E]ven though there is an omission or defect in the guilty plea colloquy, a plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea").

- 13 -

defendants can waive valuable rights as part of plea bargain, so long as defendant's waiver is knowing, intelligent, and voluntary).  Thus, even if counsel had filed the motion to withdraw for Appellant, which would have been inconsistent with counsel's representations to the court, the court would have denied relief.  For the foregoing reasons, the court properly denied PCRA relief.  *See **Conway, supra***; ***Boyd, supra***.  Accordingly, we affirm.

Order affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 09/23/2020