J-A29021-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                               :           PENNSYLVANIA
                               :
          v.                   :
                               :
                               :
                               :
ERIC LYNN MCCALL               :
                               :
          Appellant            :   No. 1401 WDA 2021

Appeal from the Judgment of Sentence Entered September 28, 2021
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s): CP-17-CR-0000138-2020

BEFORE: BENDER, P.J.E., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY OLSON, J.:                    **FILED: March 8, 2023**

Appellant, Eric Lynn McCall, appeals from the judgment of sentence entered on September 28, 2021 in the Criminal Division of the Court of Common Pleas of Clearfield County. He claims that the trial court abused its discretion in denying his presentence motion to withdraw his guilty plea. After careful review, we affirm.[1]

On April 3, 2019, at 11:45 p.m., Pennsylvania State Police troopers ("PSP" or "troopers") responded to a report of a single vehicle crash. According to the report, one of the vehicle's occupants was deceased, and an injured male fled the crash site on foot. Upon arrival, the troopers observed a black 2014 Hyundai Veloster laying on its passenger side against a tree.

---

[1] In a letter to this Court docketed on October 6, 2022, the Commonwealth adopted the opinion of the trial court as its response to the claims Appellant raises on appeal. **See** Commonwealth Letter, 10/6/22. Consequently, the Commonwealth has not filed a brief in this matter. **Id.**

Christina Metzker, who sustained fatal injuries as a result of the crash, was found partially ejected from the vehicle's front passenger window. Within 30 minutes of the troopers' arrival on scene, local fire department personnel and officers from the Lawrence Township Police Department located the injured male, later identified as Appellant, roughly one mile away from the accident. When the troopers went to speak with Appellant, he smelled of alcohol and displayed signs of impairment, including slurred speech and glassy and bloodshot eyes. Due to his injuries, Appellant was air lifted to a medical facility in Altoona, Pennsylvania. After obtaining a search warrant for a sample of Appellant's blood taken by the hospital, investigators submitted the sample for chemical testing. A toxicology report confirmed that Appellant's blood alcohol concentration was .185%.

Based on their investigation, the troopers filed a criminal complaint on January 20, 2020, charging Appellant with multiple offenses arising from the fatal accident. A preliminary hearing was held on January 29, 2020. Upon conclusion, all charges were held for court. Subsequently, the parties moved forward with pre-trial preparation, and Appellant was eventually scheduled for trial.

Appellant proceeded to jury selection on February 11, 2021. A jury was selected and empaneled, and Appellant's trial was set to commence on April 27, 2021. On the morning of April 27th, however, Appellant elected to enter a negotiated guilty plea in *lieu* of proceeding to trial before a jury. After the trial court conducted its colloquy, Appellant pleaded guilty to one count each

of: homicide by vehicle while driving under the influence, 75 Pa.C.S.A. § 3735 (second-degree felony); accidents involving death or personal injury while not properly licensed, 75 Pa.C.S.A. § 3742.1(a)(1) (third-degree felony); driving under the influence ("DUI") – second offense, 75 Pa.C.S.A. § 3802(a)(1) (misdemeanor); driving under DUI suspension, 75 Pa.C.S.A. § 1543(b)(1) (summary offense); and, driving on roadways laned for traffic, 75 Pa.C.S.A. § 3309(1) (summary offense). In exchange for Appellant's guilty pleas, the Commonwealth agreed to a minimum period of three and one-half years' incarceration. Both parties agreed to permit the court to determine Appellant's maximum term of imprisonment.

After two continuances, Appellant proceeded to sentencing on September 28, 2021. At the beginning of the hearing, defense counsel made an oral motion to withdraw Appellant's guilty plea, forwarding a claim alleging Appellant's actual innocence. Counsel explained that Appellant's claim of actual innocence turned on his contention that his conduct was not the cause of the accident. The Commonwealth opposed Appellant's motion to withdraw, noting several factors centering around the procedural posture of this case at the time Appellant entered his pleas. Specifically, the Commonwealth pointed out that Appellant entered his guilty pleas on the morning that trial was set to commence and after the parties picked a jury. The Commonwealth noted further that Appellant received both a verbal and written colloquy, during which the court explained that "by canceling the jury trial[, Appellant] could not withdraw his plea[.]" N.T. Sentencing, 9/28/21, at 4. Under these

- 3 -

circumstances, the Commonwealth argued that Appellant's plea was no longer subject to withdrawal.[2]  ***See id.***

The Court denied Appellant's request to withdraw and proceeded to impose its sentence.  For homicide by vehicle while DUI, Appellant received a sentence of three years to 10 years' incarceration.  Appellant received six months to no more than three years' imprisonment for accidents involving death or personal injury while not properly licensed.  The court ordered this sentence to run consecutive to the sentence for homicide by vehicle while DUI.  Lastly, the court ordered Appellant to pay fines and costs for the two summary offenses.  All other charges were withdrawn.[3]

Appellant filed a post-sentence motion on October 6, 2021, which was denied on October 25, 2021, following oral argument.  Thereafter, Appellant filed a notice of appeal on November 19, 2021.  Appellant timely complied with the court's order, pursuant to Pa.R.A.P. 1925(b), to file a concise statement of matters complained of on appeal.  The court issued its Rule 1925(a) opinion on December 29, 2021.

---

[2]  The Commonwealth did not argue that it would be prejudiced if the court permitted Appellant to withdraw his guilty pleas.

[3]  Appellant's aggregate sentence of three and one-half to 13 years' incarceration complied with the terms of the parties' negotiated plea agreement, which contemplated a minimum term of three and one-half years' imprisonment.  No punishment was imposed for Appellant's DUI conviction as that offense merged with homicide by vehicle while DUI for sentencing purposes.  ***See*** 42 Pa.C.S.A § 9765 (governing merger of sentences); ***see also Commonwealth v. Tanner***, 61 A.3d 1043, 1047 (Pa. Super. 2013) (for sentencing purposes, DUI conviction merges with homicide by motor vehicle while DUI).

Appellant alleges on appeal that the trial court abused its discretion in denying his presentence request to withdraw his guilty plea. *See* Appellant's Brief at 6. More specifically, Appellant asserts that, as grounds for the withdrawal of his guilty pleas, he made a plausible demonstration, under the circumstances, that some factor other than his conduct or impairment caused the accident. He claims instead that Metzker's interference with the Hyundai's steering wheel caused the vehicle to leave the right-side of the roadway. *Id.* at 11. "In support of [t]his claim[,] Appellant point[s] to the recorded vehicle data showing [a] clockwise movement of the steering wheel immediately preceding the accident, along with [Metzker's] recent psychiatric hospitalizations and suicidal social media posts on the day of the crash." *Id.*

To substantiate his position, Appellant points out that homicide by vehicle while DUI and accidents involving death or personal injury while not properly licensed both require a causal relationship between a defendant's conduct and a death that results from a motor vehicle accident. *See id.* at 18. Next, Appellant reasons that, even if the Commonwealth demonstrated that Metzker died as a result of injuries she sustained in the accident and that Appellant was unlicensed and impaired when the crash occurred, he nevertheless came forward with a colorable claim of innocence since he alleged a complete defense predicated on the contention that Metzker's interference with the Hyundai's steering wheel caused the vehicle to leave the roadway and crash. *Id.* Appellant complains that the trial court "does not

explain why Appellant's claim of innocence regarding causation of the accident is not plausible." *Id.* at 19.

Ultimately, Appellant maintains that the trial court abused its discretion when it concluded that the evidence offered by the Commonwealth and the circumstances surrounding Appellant's request to withdraw his plea undermined the plausibility of his factual defense based on Metzker's alleged role in causing the accident. *See id.* at 20-21. Although Appellant acknowledges that the timing of his request augers against his position, he notes that the Commonwealth did not introduce testimony or other evidence at the plea hearing. *See id.* at 20. Moreover, Appellant points out that, within his testimony in response to the trial court's questions at the plea hearing, he did not agree to any facts that conflict with the contentions that underlie his causation defense. The trial court disagreed with this contention and rejected Appellant's request to withdraw his guilty pleas, finding that "the facts that [Appellant] agreed to as the basis of the offenses" belied his claim of innocence. *See* Trial Court Opinion, 12/29/21, at 4. After careful review of the certified record and pertinent caselaw, we agree with the trial court.

> With respect to the withdrawal of a guilty plea or a nolo contendere plea, our courts have held the following:
>
> We recognize that at "any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty." Pa.R.Crim.P 591(A). The Supreme Court of Pennsylvania recently clarified the standard of review for considering a trial court's

decision regarding a defendant's pre-sentence motion to withdraw a guilty plea:

Trial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth.

**Commonwealth v. Carrasquillo**, 115 A.3d 1284, 1285, 1291–1292 (Pa. 2015) (holding there is no *per se* rule regarding pre-sentence request[s] to withdraw a plea, and bare assertion of innocence is not a sufficient reason to require a court to grant such request). We will disturb a trial court's decision on a request to withdraw a guilty plea only if we conclude that the trial court abused its discretion. **Commonwealth v. Gordy**, 73 A.3d 620, 624 (Pa. Super. 2013).

**Commonwealth v. Davis**, 191 A.3d 883, 888-889 (Pa. Super. 2019) (quotation omitted), *appeal denied*, 200 A.3d 2 (Pa. 2019).

Appellant argues the trial court erred in denying his request to withdraw his pleas since he presented a colorable claim of innocence based on the contention that his conduct did not cause the fatal accident at issue in this case. Appellant is correct that causation constitutes an essential element of homicide by vehicle while DUI.[4] **See Commonwealth v. Thur**, 906 A.2d

---

[4] Section 3735 of the Motor Vehicle Code defines homicide by vehicle while DUI as follows:

**§ 3735. Homicide by vehicle while driving under influence**

**(a)   Offense defined.—**

*(Footnote Continued Next Page)*

552, 569 (Pa. Super. 2006) ("A conviction for homicide by vehicle while DUI requires: (1) a conviction for drunk driving; and (2) proof that drunk driving is what caused the death."), *appeal denied*, 946 A.2d 687 (Pa. 2008). Similarly, causation is an element of the offense of accidents involving death or personal injury while not properly licensed.[5] ***See Commonwealth v. Jarosz***, 152 A.3d 344, 351 (Pa. Super. 2016) ("The elements of [accidents involving death or personal injury while not properly licensed] are: 1) negligence; 2) causing death or personal injury; and 3) while unlicensed."), *appeal denied*, 169 A.3d 598 (Pa. 2017). But while Appellant is correct that the two most serious offenses to which he pleaded guilty both require that his

_____

> (1) A person who unintentionally causes the death of another person as the result of a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) and who is convicted of violating section 3802[.]

75 Pa.C.S.A. § 3735.

[5] Section 3742.1 of the Motor Vehicle Code defines accidents involving death or personal injury while not properly licensed as follows:

> **§ 3742.1. Accidents involving death or personal injury while not properly licensed**
>
> **(a)** **Offense defined.—**A person whose operating privilege was disqualified, canceled, recalled, revoked or suspended and not restored or who does not hold a valid driver's license and applicable endorsements for the type and class of vehicle being operated commits an offense under this section if the person was the driver of any vehicle and caused an accident resulting in injury or death of any person.

75 Pa.C.S.A. § 3742.1.

conduct bear a causal relationship to a vehicular fatality, our review of the record confirms that Appellant's sworn admissions at his plea hearing squarely refute the subsequent challenge to causation he leveled in his request to withdraw his guilty pleas.

The trial court conducted an extensive guilty plea colloquy on April 27, 2021. After taking the testimonial oath, Appellant, among other things, acknowledged that he could read, write, and understand the English language; that he was not under the influence of mind-altering substances that prevented him from understanding the plea proceedings; that he read and understood each page of his plea agreement and the accompanying written plea colloquy; that he understood each question and each answer he offered to each question in the written guilty plea colloquy; that he had no questions about his guilty plea agreement or the written plea colloquy; that he understood the nature of the charges to which he intended to plead guilty; that he understood the factual basis for his guilty pleas; that he understood the elements of each offense to which he intended to plead guilty; that his attorney explained to him the terms of the guilty plea agreement and the implications of the written plea colloquy, including each element of each offense to which he intended to plead guilty; and, that he had no questions about the elements of his offenses or what the Commonwealth needed to prove in his case. *See* N.T. Plea Hearing, 4/27/21, at 5-8. Appellant also confirmed his understanding that he had a right to proceed to trial, that he

would be presumed innocent until his guilt was established beyond a reasonable doubt, and that he tendered his guilty pleas knowingly, voluntarily, and intelligently. *See id*. at 5-7.

In the written colloquy attached to Appellant's plea agreement, question 44 asked: "Do you agree that the facts set forth in the [c]riminal [c]omplaint and [a]ffidavit of [p]robable cause filed against you are an accurate statement of your role in regard to the charges to which you are pleading guilty?" Written Plea Colloquy, 4/27/21, at 5. Appellant answered in the affirmative and signed the bottom of page five, which contained question 44. Relevant to the offense of homicide by vehicle while DUI, the affidavit of probable cause, in turn, alleged:

> [O]n or about [April 3, 2019], [Appellant] did unintentionally cause the death of another person, namely Christina Mae Metzker, as the result of a violation of PA Vehicle Code Section 3802, Driving Under Influence of Alcohol or Controlled Substance, on SR 879 west of Old Erie Pike, Pike Township, Clearfield County, PA, said violation being the cause of the VICTIM'S death, in violation of Section 3735(a) of the PA Vehicle Code.

Criminal Complaint, 1/29/20, at 2. Moreover, with respect to accidents involving death or personal injury while not properly licensed, the affidavit of probable cause alleged:

> [O]n or about [April 3, 2019], [Appellant], whose operating privilege was canceled, recalled, revoked or suspended and not restored OR who did not hold a valid driver's license, did drive a vehicle and caused an accident resulting in injury or death of a person at SR 879 west of Old Erie Pike, Pike Township, Clearfield County, PA, in violation of Section 3742.1(a) of the PA Vehicle Code.

Criminal Complaint, 1/29/20, at 4.

A defendant's mere assertion of innocence is not, by itself, sufficient grounds to grant a presentence motion to withdraw a guilty plea. *See* *Carrasquillo*, *supra*. Instead:

> a defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea. More broadly, the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice.

*Carrasquillo*, 115 A.3d at 1292 (citation omitted).

In *Carrasquillo*, our Supreme Court concluded that the trial court acted within its discretion in refusing to permit the presentence withdrawal of a guilty plea where Carrasquillo's irrational claims did not furnish grounds for a plausible assertion of innocence and the Commonwealth presented strong evidence of Appellant's guilt at the plea hearing. Likewise, in *Commonwealth v. Hvizda*, 116 A.3d 1103 (Pa. 2015), the companion case to *Carrasquillo*, the Supreme Court upheld the trial court's rejection of the defendant's motion to withdraw his guilty plea, finding the defendant's assertion of innocence was implausible and rebutted by the prosecution's presentation of taped conversations in which the defendant admitted in prison that he had murdered his wife.

"A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for

withdrawing the plea which contradict the statements he made at his plea colloquy." ***Commonwealth v. Pollard***, 832 A.2d 517, 523 (Pa. Super. 2003) (citation omitted).

In this case, Appellant insists he is entitled to withdraw his plea because he came forward with a viable defense asserting lack of causation after the trial court conducted a plea colloquy and accepted his guilty pleas. The trial court denied Appellant's motion to withdraw, concluding that Appellant's claim of innocence was not plausible since he admitted his conduct as a factual cause of the April 2019 accident and his sworn plea testimony thus refuted his subsequent contentions. Here, Appellant acknowledged under oath at his plea hearing that he understood the responses he offered when answering the questions set forth in the written plea colloquy. ***See*** N.T. Plea Hearing, 4/27/21, at 5. In those responses, Appellant conceded the facts set forth in the affidavit of probable cause which, in turn, established that Appellant caused the April 2019 vehicular accident which led to a fatality. As such, Appellant agreed to a set of facts that undermined his later claim of innocence. Because the record supports the trial court's findings and because the court's conclusions are consistent with Pennsylvania law, we cannot agree with Appellant's contention that the court abused its discretion in refusing to permit him to withdraw his guilty pleas.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  3/8/2023