J-S35033-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN PHILIP WOLFE | : | |
| | : | |
| Appellant | : | No. 18 MDA 2024 |

Appeal from the Judgment of Sentence Entered November 15, 2023
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s):  CP-21-CR-0002899-2022

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN PHILIP WOLFE | : | |
| | : | |
| Appellant | : | No. 19 MDA 2024 |

Appeal from the Judgment of Sentence Entered November 15, 2023
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s):  CP-21-CR-0000425-2023

BEFORE:  PANELLA, P.J.E., MURRAY, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED: NOVEMBER 8, 2024**

Appellant, John Philip Wolfe, appeals from the judgment of sentence entered in the Cumberland County Court of Common Pleas, following his negotiated guilty plea to persons not to possess firearms and criminal solicitation.[1]  We affirm.

---

[1] 18 Pa.C.S.A. §§ 6105(a)(1) and 902, respectively.

The relevant facts and procedural history of this case are as follows. At docket No. 2899-2022, the Commonwealth charged Appellant with five counts of persons not to possess firearms and one count each of possession of a small amount of marijuana and possession of drug paraphernalia. At docket No. 425-2023, the Commonwealth charged Appellant with four counts of criminal solicitation, three counts of criminal conspiracy, and one count of criminal use of a communication facility. The Commonwealth filed a motion to consolidate the cases for trial, which the court granted on May 3, 2023. After some negotiations, Appellant agreed to plead guilty to one count each of persons not to possess firearms and criminal solicitation to commit perjury. In exchange, the Commonwealth agreed to the imposition of an aggregate sentence of five (5) to ten (10) years' imprisonment. (*See* N.T. Guilty Plea Hearing, 8/28/23, at 1-2).

On August 28, 2023, Appellant executed written guilty plea colloquies for each of the underlying docket numbers. That same day, the court conducted Appellant's guilty plea hearing and oral colloquy. During the oral colloquy, the Commonwealth provided the factual basis for the plea. (*See id.* at 3-4). Appellant also confirmed that he reviewed the written colloquies with his attorney, and he understood his right to a jury trial, as well as the possible sentencing exposure for the offenses at issue. (*Id.* at 4-6). Although Appellant acknowledged the negotiated sentence that the Commonwealth had agreed to, Appellant also indicated that he wanted to "get a waiver to enter a

program upstate, SDT." (*Id.* at 5). Defense counsel clarified that "it is our intention to try to enter into the State Drug Treatment Program." (*Id.*) The Commonwealth did not object to Appellant being considered for the program. Nevertheless, the court added:

> THE COURT:   If the Department of Corrections deems that you are not eligible and will not allow you into that program, you will serve a 5 to 10 year sentence.  Do you understand that?
>
> [APPELLANT]: Yes, ma'am.

(*Id.* at 6).   At the conclusion of the oral colloquy, the court accepted Appellant's plea and deferred sentencing.

Despite having counsel of record, Appellant filed a *pro se* motion to withdraw the guilty plea on September 6, 2023.[2]  In it, Appellant stated that he wanted to withdraw his plea because he learned he was ineligible for the state drug treatment program.   On October 9, 2023, Appellant filed a counseled motion to withdraw the guilty plea.   The motion argued that Appellant "asserts that he is innocent of all charges at both dockets," and the Commonwealth "will not be prejudiced by allowing [Appellant] to withdraw his guilty plea." (Motion, filed 10/9/23, at ¶¶6, 7).  The Commonwealth filed an answer on October 18, 2023.  The Commonwealth acknowledged the assertion

---

[2] We acknowledge that this filing violated the well-established prohibition against hybrid representation. ***See Commonwealth v. Robinson***, 320 A.3d 732 (Pa.Super. 2024) (reiterating that when counseled litigant files *pro se* document, it is noted on docket and forwarded to counsel, but no further action is taken).

of innocence included in Appellant's counseled motion to withdraw the plea. The Commonwealth insisted, however, that the assertion of innocence was undermined by the fact that Appellant's *pro se* withdrawal motion included an entirely different theory of relief.

The court conducted Appellant's sentencing hearing on November 15, 2023. At the start of the hearing, the court received argument regarding Appellant's request to withdraw the guilty plea. The court denied Appellant's withdrawal request and imposed the agreed-upon, aggregate sentence of five to ten years' imprisonment. On Monday, November 27, 2023, Appellant timely filed a post-sentence motion to withdraw the guilty plea. Again, Appellant argued that his "assertion of innocence is plausible given the uncertainty of whether he was in constructive possession of the firearms at issue." (Post-Sentence Motion, filed 11/27/23, at ¶9). The court denied the post-sentence motion on November 29, 2023.

On December 29, 2023, Appellant timely filed a notice of appeal. On January 3, 2024, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant timely filed his Rule 1925(b) statement on January 24, 2024.

Appellant now raises one issue for this Court's review:

> Whether the trial court erred in denying Appellant's motion to withdraw his guilty plea, where Appellant asserted his innocence multiple times before being sentenced?

(Appellant's Brief at 6).

On appeal, Appellant contends that "any demonstration by a defendant of a fair-and-just reason will suffice to support a grant [of a pre-sentence request to withdraw a guilty plea], unless withdrawal would work substantial prejudice to the Commonwealth." (*Id*. at 12) (quoting *Commonwealth v. Norton*, 650 Pa. 569, 576, 201 A.3d 112, 116 (2019)). Appellant maintains he "presented a fair-and-just reason to withdraw his plea because he presented the trial court with plausible bases for his innocence." (*Id.* at 16). Appellant emphasizes that "he had an alibi defense of being in prison when the alleged crimes occurred, which raises uncertainty and doubt as to the issue of constructive possession of the firearms at issue." (*Id.* at 16-17). "Given Appellant's assertion of an alibi defense, coupled with his unequivocal assertion of innocence," Appellant argues that the court erred by finding that Appellant did not demonstrate a fair-and-just reason supporting withdrawal of the plea. (*Id.* at 17). Moreover, Appellant insists that the Commonwealth would not have suffered prejudice if the court had granted the withdrawal motion because the cooperating witness, S.S., "would be no less motivated to testify against Appellant…." (*Id.* at 18). Appellant concludes that the court committed reversible error by denying the pre-sentence request to withdraw the guilty plea. We disagree.

Our review of the denial of a pre-sentence motion to withdraw a guilty plea implicates the following principles:

> [W]e recognize that at "any time before the imposition of sentence, the court may, in its discretion, permit, upon

- 5 -

motion of the defendant, or direct *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty." Pa.R.Crim.P. 591(A). The Supreme Court of Pennsylvania [has] clarified the standard of review for considering a trial court's decision regarding a defendant's pre-sentence motion to withdraw a guilty plea:

> Trial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth.

> ***Commonwealth v. Carrasquillo***, 631 Pa. 692, [704,] 115 A.3d 1284, … 1291-92 (2015) (holding there is no *per se* rule regarding pre-sentence request to withdraw a plea, and bare assertion of innocence is not a sufficient reason to require a court to grant such a request). We will disturb a trial court's decision on a request to withdraw a guilty plea only if we conclude that the trial court abused its discretion. ***Commonwealth v. Gordy***, 73 A.3d 620, 624 (Pa.Super. 2013).

***Commonwealth v. Davis***, 191 A.3d 883, 888-89 (Pa.Super. 2018), *appeal denied*, 650 Pa. 308, 200 A.3d 2 (2019) (quoting ***Commonwealth v. Blango***, 150 A.3d 45, 47 (Pa.Super. 2016)).

> [A] defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea. More broadly, the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice.

***Carrasquillo, supra*** at 705-06, 115 A.3d at 1292 (internal citation omitted).

"[B]oth the timing and the nature of the innocence claim, along with the

relationship of that claim to the strength of the government's evidence, are relevant." ***Commonwealth v. Islas***, 156 A.3d 1185, 1190 (Pa.Super. 2017) (footnote omitted).

Additionally, a defendant's failure to establish a plausible claim of innocence renders unnecessary a consideration of whether pre-sentence withdrawal of the guilty plea would substantially prejudice the Commonwealth. ***See Carrasquillo, supra*** at 706 n.9, 115 A.3d at 1293 n.9 (declining to address prejudice to Commonwealth because defendant failed to assert plausible claim of innocence); ***Commonwealth v. Hvizda***, 632 Pa. 3, 9, 116 A.3d 1103, 1107 (2015) (holding pre-sentence request to withdraw plea failed where defendant made only bare assertion of innocence).

Instantly, the trial court evaluated Appellant's counseled, pre-sentence motion to withdraw the guilty plea. The court determined that the bare assertion of innocence contained therein failed to warrant the withdrawal of the guilty plea:

> In this case, it is clear that [Appellant's motion] includes a bare assertion of innocence. Specifically, [Appellant] states only the following with respect to innocence: "Petitioner asserts that he is innocent of all charges at both dockets."
>
> As trial courts are not required to grant pre-sentence motions based upon a bare assertion of innocence, this court's decision to deny [Appellant's] request to withdraw his guilty plea was therefore a proper one. Thus, the purported error complained of on appeal by [Appellant] lacks merit.

(Trial Court Opinion, filed 2/20/24, at 8) (footnote omitted).

Moreover, the court found that the Commonwealth would suffer substantial prejudice if Appellant withdrew the guilty plea:

[T]he Commonwealth here is asserting that a crucial cooperating witness is no longer motivated to provide testimony against [Appellant] because the witness accepted his own plea agreement that was offered in reliance on [Appellant's] guilty plea. … [I]t is clear that the Commonwealth is in a worse position than it would have been had the trial for [Appellant] … proceeded as planned.

(*Id.* at 10). We agree with the court's analysis.

Here, the record undermines the plausibility of Appellant's claim of actual innocence. The record confirms that Appellant wanted to enroll in a drug treatment program through the Department of Corrections. Once Appellant realized that he was ineligible for such a program, Appellant attempted to withdraw the guilty plea. With this context in mind, the bare assertion of innocence contained in Appellant's counseled motion to withdraw the guilty plea did not amount to a fair-and-just reason to withdraw the plea. *See Carrasquillo, supra*; *Davis, supra*.

The record also confirms the court's findings regarding substantial prejudice to the Commonwealth. Specifically, the prosecutor informed the court that: 1) S.S. has already received a benefit from his cooperation in Appellant's case when S.S. was sentenced for his own crimes; 2) the Commonwealth did not know the current whereabouts of S.S.; and 3) even if the Commonwealth could issue a subpoena for his appearance, there was no guarantee that S.S. would provide truthful testimony against Appellant. (*See*

N.T. Sentencing Hearing, 11/15/23, at 6-7). Based upon the foregoing, the court properly denied Appellant's motion to withdraw his guilty plea. *See Carrasquillo, supra*; *Davis, supra*. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/08/2024